**STATE of Tennessee, Appellee,**

v.

**Ruble SEALS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 28, 1987.

Thomas D. Shelburne, Rogersville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Robert Conley, Asst. Atty. Gen., Nashville, C. Berkley Bell, Dist. Atty. Gen., Greeneville, Doug Godbee, Asst. Dist. Atty. Gen., Rogersville, for appellee.

## OPINION

JONES, Judge.

The appellant, Ruble Seals, was convicted by a jury of his peers for (a) two counts

of receiving stolen property over the value of $200 for which he received a sentence of six (6) years in each case, (b) one count of receiving stolen property under the value of $200 for which he received a sentence of three (3) years, and (c) two counts of contributing to the delinquency of a minor for which he received a sentence of eleven (11) months and twenty-nine (29) days in each case. The trial court ordered one of the sentences for receiving stolen property over the value of $200 to be served consecutively with the sentence for receiving stolen property under the value of $200 and these sentences were ordered to be served concurrently with the remaining sentences.

After the trial judge denied the appellant's motion for a new trial he appealed to this Court as of right pursuant to Tenn.R. App.P. 3(b). In this Court he challenges (a) the sufficiency of the convicting evidence, (b) the ruling of the trial court denying his motion for a continuance, and (c) the sentences imposed by the trial court.

## SUFFICIENCY OF THE EVIDENCE

Since the appellant challenges the sufficiency of the convicting evidence, we will review the salient facts which resulted in the appellant's arrest and conviction for the offenses hereinabove set forth.

On Friday, February 28, 1986, two minors, Tony Lawson and Johnny Seals, the son of the appellant, were arrested for stealing mail from rural mailboxes. Lawson agreed to assist the officers in obtaining evidence implicating the appellant in what appears to have been an ongoing conspiracy to steal checks and other negotiable instruments.

Lawson met the appellant on the morning of March 3, 1986; and they embarked for Bean Station where they were to obtain stolen checks from a resident of the area. They met Johnny Seals, who was travelling in the opposite direction, and Lawson stopped Seals' vehicle. Johnny agreed to go with them to Bean Station as well as to steal checks.

While enroute to Bean Station, they checked several mailboxes, and discovered the mailman had not delivered the mail in those areas. When they arrived at Bean Station, they were unable to locate the man with the stolen checks. They returned to the Bulls Gap area where the appellant obtained his son's car. The two juveniles agreed to meet the appellant later at the county garage.

The appellant alerted the two juveniles when the mailman began making his rounds in the area. Lawson and Johnny Seals subsequently stole two social security checks and a savings bond from rural mailboxes. Later, they met the appellant as agreed, and the two checks and savings bond were given to the appellant simultaneously and as part of a single transaction. They agreed to meet later at the home of Cindy Seals, the appellant's former wife.

The appellant went to the home of Mrs. Seals and hid the instruments under a box in the bathroom. When Lawson arrived, he removed the instruments from the bathroom and left the residence. He took the instruments to his home, and his mother delivered the instruments to law enforcement officers. The appellant was arrested later that day when he visited the Hawkins County Sheriff's Department in Rogersville for the purpose of clearing himself from involvement in the episode of February 28th.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn.R.App.P. 13(e). In making this determination we do not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978); *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978); *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). *Braziel v. State*, 529 S.W.2d 501, 505 (Tenn.Crim.App.1975). To the contrary, we are required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, supra.

Questions concerning the credibility of witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. *State v. Cabbage,* supra; *Braziel v. State,* supra; *State v. Grace,* supra. In *Grace* our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d at 476.

■ Since a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, *State v. Grace,* supra, the accused has the burden of proving to this Court that the evidence preponderates in favor of his innocence and against the verdict of guilt returned by the trier of fact. *State v. Sneed,* 537 S.W.2d 699, 701 (Tenn.1976); *Underwood v. State,* 604 S.W.2d 875, 877 (Tenn.Crim.App.1979). This Court will not disturb a verdict of guilt unless the evidence contained in the record clearly preponderates against the verdict and in favor of the accused's innocence. *Underwood v. State,* supra.

■ In the case *sub judice* the appellant has failed to establish the evidence contained in the record preponderates against the verdict of the jury and in favor of his innocence. There is ample, indeed overwhelming, evidence contained in the record from which a rational trier of fact can conclude that the appellant is guilty of the offense of receiving stolen property over the value of $200 and contributing to the delinquency of a minor, two counts. Tenn.R.App.P. 13(e). *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). However, we are of the opinion the appellant can only be convicted of one offense of receiving stolen property. In this jurisdiction the receipt of property which has been stolen from multiple parties on different occasions constitutes but a single offense absent evidence, direct or circumstantial, that the property was received by the accused at different times. *State v. Goins,* 705 S.W.2d 648 (Tenn.1986), [concealing stolen property]; *Williams v. State,* 216 Tenn. 89, 390 S.W.2d 234 (1965),

[receiving and concealing stolen property]; *State v. Craig,* 655 S.W.2d 186, 188 (Tenn.Crim.App.1983); *State v. McColgan,* 631 S.W.2d 151, 156 (Tenn.Crim.App.1981), [concealing stolen property]; *Conner v. State,* 531 S.W.2d 119 (Tenn.Crim.App.1975), [receiving and concealing stolen property]. As stated by the Supreme Court in *State v. Goins:* "The State may not divide a cache of stolen property received or concealed by a defendant by the number of victims of the thefts and thereby obtain that number of indictments absent some other evidence that identified goods have been received or concealed separately." 705 S.W.2d at 651–652. We, therefore, reverse and dismiss with prejudice the judgments of conviction in indictments numbered 4798 and 4799.

## DENIAL OF CONTINUANCE

■ On the morning the trial was to commence the appellant filed a motion for continuance, supported by affidavits, asking the trial judge to continue the trial on the merits. The motion alleged the appellant was in a motor vehicle accident two days prior to the trial date and sustained a broken nose, two black eyes, cuts and lacerations to his forehead as well as injuries to his head, neck and back. The appellant was admitted to the Hawkins County Hospital following the accident for treatment of the injuries. He was released from the hospital at 5:30 p.m. on the eve of trial. On the morning of trial the appellant complained of headaches and dizzy spells, and stated he was taking Valium 10 m.g., Tylenol 4, Talwin Compound 50 m.g., and Flexoril.

The trial judge had observed the appellant drive his automobile to the courthouse earlier that morning. He also had observed the appellant conferring with counsel in the courtroom. In addition, the trial judge had been assured by the office of the treating physician that the appellant's injuries would not prevent the appellant from going to trial as scheduled. Based upon these facts the trial judge denied the appellant's motion for a continuance.

A motion for a continuance is a matter which rests within the sound discretion of the trial court. *Moorehead v. State*, 219 Tenn. 271, 409 S.W.2d 357, 358 (1966); *State v. Wooden*, 658 S.W.2d 553, 558 (Tenn.Crim.App.1983). We do not think the trial judge abused his discretion. Furthermore, the appellant has failed to establish he was prejudiced by the denial of the motion. *State v. Goodman*, 643 S.W.2d 375, 378 (Tenn.Crim.App.1982). The fact the appellant had sustained injuries did not entitle him to a continuance as a matter of right. See *Hamilton v. State*, 555 S.W.2d 724, 727 (Tenn.Crim.App.1977), [accused suffered a stroke a few hours prior to trial], *State v. Robinson*, 622 S.W.2d 62, 74 (Tenn.Crim.App.1980), cert. denied sub nom. *LeMay v. Tennessee*, 454 U.S. 1096, 102 S.Ct. 667, 70 L.Ed.2d 636, [accused recuperating from surgery which had been performed approximately a month prior to trial]. This issue is without merit.

## DE NOVO REVIEW OF SENTENCE

■ When an accused challenges the length, range, or manner of the service of a sentence, it is the duty of this Court to conduct a *de novo* review of the sentence without a presumption of correctness. T.C.A. § 40–35–402(d).

■ In conducting a *de novo* review of a sentence this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. See T.C.A. §§ 40–35–103 and 210.

The trial court correctly sentenced the appellant to a Range I sentence as a standard offender.

The record reveals there are three (3) mitigating factors present. First, the appellant's criminal conduct neither caused nor threatened serious bodily injury to any of the victims. T.C.A. § 40–35–110(1).

Second, the defendant did not contemplate that his criminal conduct would cause or threaten serious bodily injury. T.C.A. § 40–35–110(2). Third, the appellant voluntarily went to law enforcement officers for the purpose of addressing his possible involvement in these offenses. See T.C.A. § 40–35–110(13).

The record reveals there are three (3) aggravating factors present. First, the defendant has a previous history of criminal convictions and criminal behavior. T.C.A. § 40–35–111(1). The appellant has been arrested for and/or charged with the commission of a criminal offense on approximately twenty (20) different occasions. While it is true most of these charges have been dismissed for various reasons, the appellant has been convicted of public drunkenness, common assault, carrying a dangerous weapon, driving while under the influences of an intoxicant, simple possession of a controlled substance, and violating the registration laws of this State. Second, the appellant was a leader in the commission of an offense involving two (2) or more actors. T.C.A. § 40–35–111(2). The evidence contained in the record reveals there were two juveniles who interacted with the appellant. The two juveniles went with him to Bean Station in search of checks which had already been stolen, and the two juveniles stole checks, which the appellant received and hid in the home of his ex-wife. All three individuals were to receive a share of the proceeds of the checks. The appellant was shown to be the leader and main orchestrator of the conspiracy. Third, the offense involved more than one victim. T.C.A. § 40–35–111(3). The appellant received three (3) negotiable instruments; and each instrument was the property of a different victim. Thus, he was depriving three separate citizens of their property.

■ The trial court found a fourth enhancement factor was applicable, i.e., the victims of the offenses were particularly vulnerable because of their advanced age. T.C.A. § 40–35–111(4). We do not think this factor is applicable in this case because the vulnerability of the victims due to their respective ages was irrelevant to the crime

in question. The crimes involved thefts from mailboxes, not the person of the victims. In other words, there was no interaction between the victims and the members of the conspiracy. The result would have been the same if the mail had been taken from the mailboxes of robust athletes.

■ This Court finds the appellant lacks the characteristics, traits and desire necessary for one to rehabilitate himself. T.C.A. § 40–35–103(5). The appellant is thirty-five (35) years of age. While he can barely read and write, he has made no effort to better himself by continuing his education. He has been unemployed, he receives social security benefits, and has had the opportunity to do so. There have been at least two marriages and divorces. He has been abusive to his wives and son. His first arrest occurred in 1973, when he was twenty-two (22) years of age, and he has been arrested on one or more occasions practically every year since 1973. In other words, the appellant refuses or is unwilling to try to conform his conduct to that of a lawful and productive citizen.

Two of the purposes of the Tennessee Criminal Sentencing Reform Act of 1982 are (1) the assessment of punishment in relation to the seriousness of an offense, and (2) the prevention of crime and the promotion of respect for law by providing an effective deterrent to others likely to commit similar offense. T.C.A. § 40–35–102(1) and (3)(A). The appellant has been shown every consideration as is evidenced by the many dismissals of criminal prosecutions brought against him and the imposition of relatively short sentences. No doubt he has invoked the sympathy of others due to his lack of education and need for reliance on social security benefits to support himself. We feel incarceration for an extended period of time is justified in this case because of the number of victims, the devastating effect the loss of their social security benefits has had on their respective lives, and the appellant's continued violation of the laws of this State. Such a sentence will also deter others from preying upon citizens who, due to their age or disability, have to rely upon the social security system for their existence. Also, society needs to be protected from the appellant for an extended period of time, T.C.A. § 40–35–103(1)(A); and such a sentence is necessary to avoid deprecating the seriousness of this offense. T.C.A. § 40–35–103(1)(B).

The length of the sentences imposed by the trial court is proper and we adopt these sentences.

The sentences imposed by the trial court should not be suspended in whole or in part due to the circumstances of the offenses, the appellant's prior criminal record, social history, and his untruthfulness at trial. We have already commented upon the facts which support these various grounds for denial of probation, and a reiteration of these facts here is not warranted.

The judgments of convictions and sentences in indictments numbered 4797, receiving stolen property over the value of $200, and 4800, two counts of contributing to the delinquency of a minor, are affirmed. These sentences will be served concurrently in conformity with the judgment of the trial court. The judgments of convictions in indictments 4798 and 4799, both charging the offense of receiving stolen property, are reversed and dismissed with prejudice.

WALKER, P.J., and ALLEN R. CORNELIUS, Special Judge, concur.