IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

**FOR PUBLICATION**

**Filed:  May 12, 1997**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellant/Appellee, | ) | HARDEMAN CRIMINAL |
| | ) | |
| | ) | |
| Vs. | ) | HON. JON KERRY BLACKWOOD, |
| | ) | JUDGE |
| | ) | |
| CHAD DOUGLAS POOLE, | ) | |
| | ) | |
| Appellee/Appellant. | ) | No.  02-S-01-9607-CC-00064 |

FILED

May 12, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**For Appellant/Appellee:**

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Kathy Morante
Deputy Attorney General
Nashville, Tennessee

At Trial:
Elizabeth Rice
District Attorney General

Jerry Norwood
Assistant District Attorney
Somerville, Tennessee

**For Appellee/Appellant:**

Gary Antrican
Public Defender

Jeannie Kaess
Assistant Public Defender
Somerville, Tennessee

At Trial:
C. Michael Robbins
Assistant Public Defender

# O P I N I O N

AFFIRMED                                                  ANDERSON, J.

We granted this appeal to determine whether the trial court properly applied two enhancement factors -- whether the victim was "particularly vulnerable,"[1] and whether the victim was treated with "exceptional cruelty"[2] -- to increase the defendant's sentence.

The Court of Criminal Appeals decided that the trial court did not err by applying the "exceptionally cruel" factor to the especially aggravated robbery conviction, but did err in applying the "particularly vulnerable" factor because the State must prove more than the victim's age to prove a victim is "particularly vulnerable." We agree. We, therefore, affirm the Court of Criminal Appeals' judgment.

## BACKGROUND

The defendant, Chad Douglas Poole, entered guilty pleas to especially aggravated robbery, especially aggravated burglary, and two counts of burglary and theft. Following a sentencing hearing, the trial court found that the defendant was a standard Range I offender and imposed the minimum sentence for all of the offenses except for especially aggravated robbery, which has a range of punishment from 15 to 25 years, and for which it imposed a term of 21 years.

The defendant Poole and a co-defendant knew that the victim, a 70-year-old woman, lived alone and operated a small grocery store. After planning the robbery, they obtained a baseball bat, which Poole wrapped with black tape to make it less visible. On June 23, 1994, they entered the victim's home and waited for approximately two hours. When the victim came home, the co-

---

[1] "A victim of the offense was particularly vulnerable because of age or physical or mental disability. . . ." Tenn. Code Ann. § 40-35-114(4)(1990).

[2] "The defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense." Tenn. Code Ann. § 40-35-114(5)(1990).

defendant struck her in the head with the baseball bat. The blow rendered the victim unconscious. Poole and the co-defendant then took the victim's purse and other personal items.

When the victim failed to appear at her grocery store the next day, family members went looking for her. They found her where she had fallen, covered in blood, suffering from a serious head injury. The victim was hospitalized for over two weeks, including four days in intensive care. According to the victim's sister, the victim had been in "real good health" prior to the offense. As a result of the attack, however, the victim suffered a loss in her hearing, which impaired her balance and coordination. She also required the use of a walker and could no longer live alone.

A presentence report indicated that the defendant Poole was 21 years of age at the time of sentencing. He had quit school following the ninth grade, was a heavy user of marijuana, and had no history of steady employment. The report also indicated that the defendant had prior convictions for burglary, burglary of an automobile, and two counts of theft.

The defendant testified that although he initially "didn't want to be a part" of the robbery, he knew the co-defendant planned to hit the victim with the baseball bat. He also testified that they used the money stolen from the victim to buy marijuana. A letter from a psychologist who evaluated Poole while in jail noted that the defendant was "a non-assertive follower who can easily be influenced or intimidated by his peers."

In imposing the 21-year sentence for especially aggravated robbery, the trial court applied four enhancement factors: the defendant's prior history of criminal convictions and behavior, Tenn. Code Ann. § 40-35-114(1); the victim

was particularly vulnerable due to her age, Tenn. Code Ann. § 40-35-114(4); the victim was treated with "exceptional cruelty," Tenn. Code Ann. § 40-35-114(5); and the offense was committed to gratify the defendant's desire for pleasure or excitement, Tenn. Code Ann. § 40-35-114(7). The trial court did not make specific factual findings with regard to these factors.

On appeal, the Court of Criminal Appeals held that the trial court properly applied factors -114(1), criminal history, and (5), exceptional cruelty, but erred in applying factors -114(4), particularly vulnerable, and (7), desire for pleasure. The State concedes that the Court of Criminal Appeals correctly found that the trial court erred in applying the factor - desire for pleasure or excitement, and the defendant concedes that the lower courts properly applied the factor - prior history of criminal convictions and behavior. The Court reduced the punishment from 21 to 19 years in light of the inappropriate enhancement factors. We granted this appeal to address the State's contention that "particular vulnerability" was a proper enhancement factor and the defendant's argument that "exceptional cruelty" was not a proper enhancement factor.

**SENTENCING ACT OF 1989**

In imposing a sentence pursuant to the Sentencing Act of 1989, the trial court first must determine the applicable range of punishment based on the severity of the offense and the defendant's prior criminal convictions. These statutory classifications, as well as the applicable ranges of punishment, are established by the Legislature. See Tenn. Code Ann. §§ 40-35-106 to -109 (1990 & Supp. 1996).

After determining the applicable range of punishment, the court must presume that the minimum sentence in the applicable range is the presumptive sentence to be imposed. If there are enhancement factors but no mitigating

-4-

factors in the record, the court may "set the sentence above the minimum in that range but still within the range." If enhancement and mitigating factors are in the record, the trial court "must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors." See Tenn. Code Ann. § 40-35-210(c), (d), & (f)(1990); State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994); State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993).

Only those enhancement factors authorized by the Legislature in Tenn. Code Ann. § 40-35-114 may be used to enhance a sentence. The factors must be "appropriate for the offense" and "not themselves essential elements of the offense." The purpose of these limitations is to

> exclude enhancement factors which are not relevant to the offense and those based on facts which are used to prove the offense. Facts which establish the elements of the offense charged may not also be the basis of an enhancement factor increasing punishment. The legislature, in determining the ranges of punishment within the classifications of offenses, necessarily took into account the culpability inherent in each offense.

State v. Jones, 883 S.W.2d at 601. Determining whether an enhancement factor should be applied is a task that must be undertaken on a case by case basis. To facilitate appellate review, the trial court "must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence." Id. See also Tenn. Code Ann. § 40-35-210(f)(1990). As an appellate court reviewing the length, range, or manner of service of a sentence, we must conduct a *de novo* review of the record with a presumption that the determinations made by the trial court were correct. Tenn. Code Ann. § 40-35-401(d) (1990). If, as in this case, the trial court fails to

comply with these statutory provisions, there is no presumption of correctness and our review is *de novo*. State v. Jones, 883 S.W.2d at 600.

## PARTICULAR VULNERABILITY

The State argues that the trial court properly enhanced the defendant's sentence because the 70-year-old victim was "particularly vulnerable." The defendant maintains that the Court of Criminal Appeals correctly held that there was no evidence in the record to show that this victim was particularly vulnerable.

The Legislature has determined that a sentence may be enhanced if "a victim of the offense was particularly vulnerable because of age or physical or mental disability. . . ." Tenn. Code Ann. § 40-35-114(4). In State v. Adams, 864 S.W.2d at 35, we provided a framework for application of this factor:

> [T]he vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely to the victim's age. . . . The factor can be used . . . if the circumstances show that the victim, because of his age or physical or mental condition was in fact 'particularly vulnerable,' i.e., incapable of resisting, summoning help, or testifying against the perpetrator.

(Emphasis added; citations omitted).  We stressed that the determination of whether the factor applied was a "factual issue to be resolved by the trier of fact on a case by case basis."  Similarly, in State v. Kissinger, 922 S.W.2d 482, 487 (Tenn. 1996), we again linked the vulnerability to proof of a mental or physical limitation that created an "inability to resist, a difficulty in calling for help, or a difficulty in testifying against the perpetrator."

Although it is not difficult to imagine cases in which the victim's age, whether very young or very old, may seem to equate with vulnerability, we chose

in <u>Adams</u> not to presume such a conclusion in any case.[3]  Moreover, because

Tenn. Code Ann. § 40-35-114(4) does not speak to specific ages, but rather to

vulnerability, we could not create a bright-line rule.  Thus, we concluded that the

"State bears the burden of proving the victim's limitations rendering him or her

particularly vulnerable." <u>State v. Adams</u>, 864 S.W.2d at 35; <u>see</u> <u>also</u> <u>State v.</u>

<u>Haynes</u>, 899 S.W.2d 175 (Tenn. Crim. App. 1995).


In determining whether the State has met its burden, the trial court must

consider a number of factors and must make factual findings.  It should consider

whether evidence in the record with regard to the victim's age or physical and

mental attributes demonstrated an inability to resist the crime, summon help, or

testify at a later date.  <u>See</u> <u>e.g.</u>, <u>State v. Clabo</u>, 905 S.W.2d 197 (Tenn. Crim.

App. 1995)(factor properly applied where child victim of sexual offense suffered

from learning disability); <u>State v. Buckmeir</u>, 902 S.W.2d 418 (Tenn. Crim. App.

1995)(factor proper where defendant knew victim had "passed out" from drinking

and was unable to resist the commission of a sexual offense); <u>State v. McKnight</u>,

900 S.W.2d 36 (Tenn. Crim. App. 1994)(factor properly applied where victims of

sexual acts were very young, lacked family support, and looked to defendant for

friendship and approval).  Such evidence, whether lay or expert testimony, must

relate to the victim's physical or mental capacity at the time of the crime and not

at the time of trial or sentencing.  <u>See</u> <u>State v. Raines</u>, 882 S.W.2d 376 (Tenn.

Crim. App. 1994)(court erred in applying factor based on its observations of

victim's "frail physical stature" at some "undetermined point in the past").  The

evidence need not be extensive and additional weight may be given to the age of

the victim in those cases where a victim is extremely young or old.  Nonetheless,

---

[3] The dissent argues that <u>Adams</u> should be limited to cases in which the victim's age was used as an element of the offense.  We, however, did not limit <u>Adams</u>; to the contrary, we noted generally that "the vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely the victim's age."  Thus, we concluded that in every case, the State bears the burden of proving this factor should apply.

the State must prove the factor is applicable and there must be evidence in the record in addition to the victim's age.

The dissent contends that our interpretation ignores the plain meaning of the statute, which it finds to be "plain, clear and unambiguous."  Yet the dissent, unable to hold that a 70-year-old person is particularly vulnerable as a matter of law, offers no plain or clear guidance on when the factor applies or what ages will be presumed particularly vulnerable.  Instead, to support its presumption, the dissent cites "age and circumstances," specifically observing that the victim lived alone, and speculating on the apparent absence of home security systems or guard dogs.  This interpretation, we believe, is far from a plain meaning or a bright-line test and would likely yield more arbitrary and disparate results than the analysis in Adams, which relates age with physical or mental limitations.

Moreover, because the Legislature has stated that an enhancement factor must be "appropriate for the offense," the court must necessarily consider the nature of the offense and the manner in which it was committed.  For example, a perpetrator of a crime of violence may prey upon a different type of vulnerability than would someone who committed crimes of misrepresentation or fraud.  Thus, a victim with a severe physical disability may not be particularly vulnerable to bribery or theft.  See State v. Seals, 735 S.W.2d 849, 853 (Tenn. Crim. App. 1987)(elderly, infirm victim not particularly vulnerable where defendant stole checks from victim's mailbox).  Similarly, the offense may be committed in such a manner as to make the victim's vulnerability irrelevant.  In State v. Butler, 900 S.W.2d 305 (Tenn. Crim. App. 1994), for example, the defendant shot and killed an elderly woman.  The Court of Criminal Appeals held that although the victim had a physical disability and used a walking cane, the State failed to show that the victim's vulnerability was a factor in the commission of the offense because no victim, regardless of his or her physical or mental traits, could have resisted

the offense committed in that manner. In short, the court must consider all of the facts and circumstances of the offense in determining whether the particular vulnerability factor is appropriate for the offense.

The dissent asserts that this statement is a "suspect proposition" unsupported by authority. To the contrary, as we have already discussed, the Legislature has predicated the application of any enhancement factor on it being "appropriate for the offense." Tenn. Code Ann. § 40-35-114. The cases we have cited from the Court of Criminal Appeals merely recognize this limitation expressed by the Legislature.

Moreover, the dissent's fear that -114(4) may never be used to enhance where the defendant uses a gun is unfounded. The use of a gun or other deadly weapon, if not an element of the offense, is a separate basis for enhancement under Tenn. Code Ann. § 40-35-114(8). It may also be a relevant consideration in the application of enhancement factors -114(10), no hesitation in committing a crime where risk to human life is high, or -114(16), offense committed where potential for bodily injury to a victim was great.

In applying these factors to this case, we note that the trial court made no findings of fact beyond its mere recitation that the victim was particularly vulnerable. Without question, this 70-year-old victim living alone was vulnerable to the type of offense committed by the defendant. We do not hold nor do we believe otherwise. Yet given the inherent ambiguity in attempting to determine vulnerability solely from one's age, we are unwilling to engage in potentially unfounded presumptions. A person's age alone may have little or no bearing on size, strength or vitality. Thus, unless the State produces evidence of physical or mental limitations at the time of the offense, along with proof of the victim's age, it cannot be presumed that the victim was particularly vulnerable based solely on

her age. Accordingly, we conclude, as did the Court of Criminal Appeals, that there is insufficient evidence in this record to support application of this factor.

## EXCEPTIONAL CRUELTY

The defendant argues that the trial court should not have applied the exceptional cruelty enhancement factor because the facts used to establish this factor were the same facts used to prove the serious bodily injury element for especially aggravated robbery. The State maintains that the factor was properly applied because exceptional cruelty is not an element of especially aggravated robbery. Moreover, the State stresses that the defendant's actions constituting exceptional cruelty were separate and distinct from those necessary to constitute serious bodily injury.

As we have previously observed, enhancement factors must be "appropriate for the offense" and "not themselves essential elements of the offense." Tenn. Code Ann. § 40-35-114. These limitations exclude enhancement factors "based on facts which are used to prove the offense" or "[f]acts which establish the elements of the offense charged." State v. Jones, 883 S.W.2d at 601. The purpose of the limitations is to avoid enhancing the length of sentences based on factors the Legislature took into consideration when establishing the range of punishment for the offense. Id.

We recognized these limitations in analyzing the enhancement factors in Jones, supra. The defendant was charged with aggravated assault for intentionally, knowingly or recklessly causing serious bodily injury to the victim, and the trial court enhanced the sentence after finding that the victim's injuries were "particularly great." Tenn. Code Ann. § 40-35-114(6). We concluded that

-10-

the conditions for proving the serious bodily injury element[4] "satisfy the definition of a 'particularly great' injury" and that "proof of serious bodily injury will always constitute proof of a particularly great injury." Id. at 602. Thus, we held that the "particularly great" injury enhancement factor was inappropriate for the offense of aggravated assault.

Applying a similar analysis to this case, we first note that "exceptional cruelty" is not an element of especially aggravated robbery. Tenn. Code Ann. § 39-13-403(a)(2)(1991). Moreover, we conclude that proof of serious bodily injury, which is an element of especially aggravated robbery, does not necessarily establish the enhancement factor of "exceptional cruelty." In other words, the facts in a case may support a finding of "exceptional cruelty" that "demonstrates a culpability distinct from and appreciably greater than that incident to" the crime of especially aggravated robbery. See State v. Jones, 883 S.W.2d at 603. If so, a sentence may be properly enhanced on this basis.

As the Court of Criminal Appeals has explained, the "trial court should state what actions of the defendant, apart from the elements of the offense, constituted 'exceptional cruelty.'" State v. Godwin, 909 S.W.2d 35, 45 (Tenn. Crim. App. 1995).[5]

---

[4] Serious bodily injury requires proof of substantial risk of death, protracted unconsciousness, extreme physical pain, protracted or obvious disfigurement, and protracted loss or substantial impairment of a function of a bodily member, organ, or mental faculty. Tenn. Code Ann. § 39-11-106(a)(33).

[5] The Court of Criminal Appeals, although reaching a variety of results, has used a similar analysis in determining whether the exceptional cruelty factor is appropriate for an aggravated offense. See State v. Nix, 922 S.W.2d 894 (Tenn. Crim. App. 1995)(properly applied to attempted first-degree murder and especially aggravated robbery); State v. Kern, 909 S.W.2d 5 (Tenn. Crim. App. 1993)(properly applied to aggravated kidnapping and especially aggravated robbery); State v. Carter, 908 S.W.2d 410 (Tenn. Crim. App. 1995)(properly applied to aggravated kidnapping and aggravated robbery). Cf., State v. Williams, 920 S.W.2d 247 (Tenn. Crim. App. 1995) ("exceptional cruelty is usually found in cases of abuse or torture"); State v. Embry, 915 S.W.2d 451 (Tenn. Crim. App. 1995)(not applicable because facts to support exceptional cruelty were not "over and above that incident" to aggravated rape); Manning v. State, 883 S.W.2d 635 (Tenn. Crim. App. 1994)(not applied where facts supporting exceptional cruelty same as those that made the offense aggravated rape).

Here, the trial court made no findings to support its application of this factor. In holding that the factor was nonetheless appropriate, the Court of Criminal Appeals said:

> This elderly woman was knocked unconscious by a blow to the head with a baseball bat. Even though the defendants knew that the victim lived alone, they left her lying unconscious and bleeding under such circumstances that it was unlikely that her condition would soon be discovered. In fact, the victim remained in such a condition all night long and was discovered by family members the next day. Because of the delay in receiving medical treatment, the victim is extremely fortunate to have survived this attack.

We agree that there was evidence of exceptional cruelty separate and apart from the actions which constituted the offense of especially aggravated robbery in this case. Accordingly, we agree the enhancement factor was properly applied.

## CONCLUSION

We have concluded that the State failed to prove that the victim was "particularly vulnerable" pursuant to Tenn. Code Ann. § 40-35-114(4) and that this factor cannot be presumed solely from the victim's age. Accordingly, this factor should not have been applied to enhance the sentence. We have further concluded that the evidence supported a finding that the defendant's actions, separate and distinct from those constituting the offense, were exceptionally cruel. Accordingly, this factor was properly applied to enhance the sentence under Tenn. Code Ann. § 40-35-114(5). We therefore affirm the judgment of the Court of Criminal Appeals.

_____
E. RILEY ANDERSON, JUSTICE


**Concur:**
Birch, C.J.
Reid, J.

Drowota, J., dissenting - see separate Dissenting Opinion

-12-