# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### OCTOBER 1999 SESSION

**FILED**

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. M1998-00447-CCA-R3-CD** |
| Appellee, | ) | |
| | ) | **COFFEE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. GERALD L. EWELL, SR.,** |
| **GLENN H. EARLS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Attempt to Commit Felony Murder; |
| | ) | Attempt to Commit Especially |
| | ) | Aggravated Robbery) |

**FOR THE APPELLANT:**

**WILLIAM C. ROBERTS, JR.**
222 Second Ave. North
Suite 360M
Nashville, TN 37201
(At Trial)

**H. THOMAS PARSONS**
101 West Main Street
Manchester, TN 37355-1542
(On Appeal)

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**TODD R. KELLEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**C. MICHAEL LAYNE**
District Attorney General
307 South Woodland
P.O. Box 147
Manchester, TN 37355-0147

**OPINION FILED:** _____

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

**JOE G. RILEY, JUDGE**

**OPINION**

A Coffee County jury convicted the defendant, Glen H. Earls, of criminal attempt to commit especially aggravated robbery, and criminal attempt to commit first degree felony murder. The trial court sentenced defendant as a Range I standard offender to twenty-five years for attempted first degree felony murder and twelve years for attempted especially aggravated robbery. The trial court ordered the sentences to be served concurrently. In his appeal as of right, defendant presents two issues for review:

    (1) whether he was properly convicted of attempt to commit first degree felony murder, and

    (2) whether his sentence is excessive.

After a thorough review of the record, we set aside the conviction for attempted felony murder; remand for a new trial on attempted first degree premeditated murder; and affirm the conviction and sentence for attempted especially aggravated robbery.

**I. FACTS**

On February 26, 1995, the defendant and his wife (co-defendant) stopped to visit the eighty-two-year-old victim. In an apparent robbery attempt, defendant retrieved an ax handle from his truck, struck the victim over the head and beat the victim on the shoulders, legs and ankles. The defendant subsequently knocked the victim against the wall and attempted to take his wallet, but the victim kicked the defendant away. The victim then fell to the floor, where he grabbed a hand ax, and threatened to strike the defendant. The defendant wisely fled the premises.

At sentencing, the trial court found there were no mitigating factors, and applied the following enhancement factors:

    (2) the defendant was a leader in the commission of an offense involving two or more criminal actors;

    (4) the victim was particularly vulnerable because of age; and

3

> (5) the defendant treated the victim with exceptional cruelty during the commission of the offense

Tenn. Code Ann. § 40-35-114.

## II. STANDARDS OF REVIEW

### A. Plain Error

Defendant asks us to set aside his conviction for attempted felony murder as plain error since this issue was not raised in his motion for new trial. An error which has affected the substantial right of a defendant may be noticed at any time in the discretion of the appellate court where necessary to do substantial justice. Tenn. R. Crim. P. 52(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). "Plain error" or "fundamental error" is recognized under Tenn. R. Crim. P. 52(b). State v. Adkisson, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994). Plain error is an egregious error that strikes at the "fairness, integrity or public reputation of judicial proceedings." United States v. Rodriguez, 882 F.2d 1059, 1064 (6th Cir. 1989); Adkisson, 899 S.W.2d at 639-40. Some errors are so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case. Delaware v. Van Arsdall, 475 U.S. 673 (1986).

### B. Sentencing

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

4

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); *see* Lavender, 967 S.W.2d at 806 (Tenn. 1998); Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

## III. ANALYSIS

### A. Attempted Felony Murder

A jury convicted defendant of attempted felony murder in the perpetration of a robbery. He argues this conviction should be set aside. Although this issue was not raised in the motion for new trial, we find plain error and set aside this conviction.

The Tennessee Supreme Court has held attempt to commit first degree felony murder is not an offense. State v. Kimbrough, 924 S.W.2d 888, 892 (Tenn. 1996). The Tennessee Supreme Court concluded that "one cannot intend to

accomplish the unintended. Consequently the offense of attempted felony murder does not exist in Tennessee." *Id. at* 892.

This Court specifically addressed this issue in co-defendant's appeal. *See* State v. Holly Lack Earls, C.C.A. No. 01C01-9612-CC-00506, Coffee County, 119 WL 15896, at *4 (Tenn. Crim. App. filed January 16, 1998, at Nashville). In Holly Lack Earls, we dismissed the defendant's conviction for attempted felony murder. We noted, however, that she was indicted for attempting to kill the victim "unlawfully, intentionally, deliberately and with premeditation," but the jury was instructed only on attempted felony murder. *Id. at* *4. The same language appears in this defendant's indictment, and the jury was only charged with attempted felony murder. In Holly Lack Earls, we remanded the case to the trial court for the defendant to be retried on the charge of attempted first degree premeditated murder. The same result is warranted in the instant case.

Thus, we reverse defendant's conviction for attempted felony murder and remand for a new trial on the charge of attempted first degree premeditated murder.

## B. Sentencing

The defendant argues the trial judge inappropriately applied three enhancement factors. Although we conclude one enhancement factor was misapplied, we decline to reduce the sentence.[1]

## 1. Leader of the Offense

The defendant claims that he was not a leader of the offense, and this factor should not have been applied by the trial judge. *See* Tenn. Code Ann. § 40-35-114(2). We disagree

---

[1]Because this court has dismissed the conviction for attempted felony murder, defendant's argument as to that sentence is moot. Our analysis will only address the statutory enhancement factors as they relate to the charge of attempted especially aggravated robbery.

Defendant made a statement to police claiming his wife was not aware of his intent to rob the victim and was not involved in the attack. He argues that this factor cannot be applied in cases where there is no proof that two separate criminal actors were involved. However, the defendant contradicted his statement to police at the sentencing hearing by testifying that he lied to police to protect his wife. In addition, the victim testified that the defendant went to his vehicle and returned with an ax handle. Furthermore, the victim testified that it was the defendant who beat him repeatedly and attempted to take his wallet.

There was sufficient evidence for the trial court to determine the defendant acted as a leader in the commission of the attempted robbery. This issue is without merit.

## 2. Vulnerability Due to Age

The defendant claims the trial court inappropriately held that the victim was particularly vulnerable due to his age. Tenn. Code Ann. § 40-35-114(4). We agree.

It cannot be presumed that a victim was particularly vulnerable based solely on age. State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997). Before a trial court may apply Tenn. Code Ann. § 40-35-114(4), the State must prove the victim was particularly vulnerable, State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993), and the age of the victim was a factor during the commission of the crime. State v. Butler, 900 S.W.2d 305, 313 (Tenn. Crim. App. 1994); State v. Seals, 735 S.W.2d 849, 853-54 (Tenn. Crim. App. 1987).

With regard to the circumstances of the instant case, this Court held in the co-defendant's appeal that the trial court erred in applying this enhancement factor. *See* Holly Lack Earls, *supra at* *9. We reach the same conclusion in the instant case.

### 3. Exceptional Cruelty

The defendant argues that the trial court did not state which actions, apart from the elements of the offense, it used to find the defendant treated the victim with exceptional cruelty. *See* Tenn. Code Ann. § 40-35-114(5). Therefore, defendant argues the trial court inappropriately considered this factor. We disagree.

In the guise of friendship, the defendant and his wife entered the victim's home. Defendant attacked him from behind with a deadly weapon, retreating only after the victim secured an ax for self-protection. The defendant left the victim there to die, knowing that the victim was badly injured and had no phone to call for help. The victim testified that after the defendant left, he tried to yell for help from his front porch. When no one responded, he went back inside where he lost consciousness.

Exceptional cruelty is not an element of attempted especially aggravated robbery and may be considered as an enhancement factor under appropriate facts. *See* Poole, 945 S.W.2d at 98. Again, just as we did in co-defendant's appeal, we conclude the trial court did not err in applying this enhancement factor. *See* Holy Lack Earls, *supra at* *10.

### 4. Sentence

Since the trial court misapplied an enhancement factor, the imposed sentence is not entitled to a presumption of correctness. The standard range for a Class B felony is eight to twelve years. In this case, there are no mitigating factors and two enhancement factors. A finding that one of the enhancement factors was erroneously applied does not necessarily equate to a reduction in sentence. State v. Lavender, 967 S.W.2d 803, 809 (Tenn. 1998). We conclude in our *de novo* review that the twelve year sentence was appropriate.

### CONCLUSION

We **SET ASIDE** defendant's conviction for attempted felony murder and **REMAND** for a new trial on the indicted offense of attempted first degree premeditated murder. The conviction and sentence for attempted especially aggravated robbery are **AFFIRMED.**


_____
**JOE G. RILEY, JUDGE**



**CONCUR:**


_____
**THOMAS T. WOODALL, JUDGE**



_____
**JAMES CURWOOD WITT JR., JUDGE**



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No. 01C01-9805-CC-00197 |
| Appellee, | ) | |
| | ) | Coffee County No. 27053F |
| vs. | ) | |
| | ) | (Attempt to Commit Felony Murder; |
| | ) | Attempt to Commit Especially |

9

|  | ) | Aggravated Robbery) |
| **GLENN H. EARLS,** | ) | |
|  | ) | **AFFIRMED IN PART; REVERSED** |
|  | ) | **IN PART; REMANDED** |
| Appellant. | ) | |

## JUDGMENT

Came the appellant, GLENN H. EARLS, by counsel, and the state, by the Attorney General, and this case was heard on the record on appeal from the Circuit Court of Coffee County; and upon consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Circuit Court of Coffee County for execution of the judgment of that court and for collection of costs accrued below.

It appears that appellant is indigent. Costs of appeal will be paid by the State of Tennessee.

Per Curiam

Joe G. Riley, Judge
Thomas T. Woodall, Judge
James Curwood Witt Jr., Judge