# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
January 19, 2011 Session

## ZULU NAANTAANBUU v. SHEILA NAANTAANBUU

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-07-1361      Arnold B. Goldin, Chancellor**

---

**No. W2010-01417-COA-R3-CV - Filed February 14, 2011**

---

In this divorce action, Wife appeals the trial court's denial of: (1) an oral motion for a continuance supported by her doctor's affidavit; and (2) a motion to add, as necessary parties, two mortgagees of real estate alleged to be marital property. Discerning no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Sam F. Cole, Jr., Memphis, Tennessee, for the appellant, Sheila Naantaanbuu.

Theresa H. Patterson, Memphis, Tennessee, for the appellee, Zulu Naantaanbuu.

## MEMORANDUM OPINION[1]

### I. Background

Zulu Naantaanbuu ("Husband") and Sheila Naantaanbuu ("Wife") married in 1989

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and separated a few years later.[2]  In 2007, after more than a decade of separation, Husband filed a complaint for divorce in Shelby County alleging irreconcilable differences as a ground for divorce.  He later filed an amendment to his complaint alleging that Wife abandoned the marriage.[3]  Wife filed an answer and counter-complaint, in which she denied that she had abandoned the marriage, admitted that irreconcilable differences existed, and alleged that Husband was guilty of inappropriate marital conduct and adultery.[4]

After a hearing before a divorce referee, an order was entered on March 7, 2008, awarding temporary alimony to Wife.[5]  On August 31, 2009, Husband moved for summary judgment.  After a hearing on December 11, 2009, the trial court entered an order denying summary judgment on January 13, 2010, and also referred the matter for mediation.  In the event that mediation proved unsuccessful, the trial court's January 13, 2010 order also set the date of trial for April 29, 2010.

On January 25, 2010, Wife filed a motion to add additional parties and to file a supplemental amended complaint.  As discussed in more detail below, Wife asserted a marital interest in two parcels of real estate acquired by Husband during the marriage.  These properties were encumbered with mortgages, and Wife moved the court to add the mortgagees as necessary parties to the divorce action.  A hearing was held on Wife's motion on March 5, 2010.  The trial court allowed Wife to file a supplemental amended complaint to assert her marital interest in the two properties, but denied Wife's motion to add the

---

[2]Though it is of little consequence on appeal, the parties offered inconsistent dates of separation throughout the proceedings.  They first separated in either 1992 or 1994.  The parties apparently reconciled for a period of months in 1994 or 1995 before recommencing their separation and have not lived as husband and wife since at least that time.

[3]Husband amended his complaint a second time to seek an annulment, asserting that he had previously been married to another woman and never divorced.  Thus, Husband contended that his later marriage to Wife was void *ab initio*.  This spurred an amended complaint by Wife in which she alleged that Husband had perpetrated a fraud upon her and the court.  The trial court denied Husband's claim for annulment and Wife's claim for fraud, and neither is at issue on appeal.

[4]In his answer to Wife's counter-complaint, Husband denied these allegations.

[5]The divorce referee's ruling indicates that the award was "due to W[ife]'s health and need." Husband was ordered to pay $500 per month for six months.  Wife requested that the temporary support be extended, and, after a hearing before the divorce referee, Husband was ordered to pay $500 per month for an additional three months.  Later, at Wife's request and after a hearing before the divorce referee, Husband was ordered to pay $300 per month for an additional three months or until trial.  Wife later filed a fourth request for temporary support, and after a hearing before the divorce referee, Husband was ordered to continue to pay $300 per month until trial.  There is no indication in the record that Husband failed to pay his court-ordered temporary support.

mortgagees as additional parties.

Three days before trial, Wife submitted the affidavit of Dr. Larry W. Walker, the relevant portions of which are reproduced below:

> Ms. Sheila R. Naantaanbuu has been a long time patient of mine who has been followed in my office for a number of years. Ms. Naantaanbuu has serious injury and impairment involving her neck and shoulders with cervical disc disease secondary to neck and shoulder injuries. She presently has severe pain in her neck, back, shoulder and left upper extremity with numbness involving her left upper extremity. MRI tests show cervical disc disease with impingement of the nerve leading to the left extremity. As a result of her medical condition, Ms. Naantaanbuu is in no condition to participate in any contested litigation in court and she may have permanent damage involving nerves to her left upper extremity unless cervical spine surgery can be performed on her.

Wife orally moved for a continuance[6] in chambers on April 28, 2010. No court reporter was present; consequently, no transcript of the in-chambers motion hearing is contained in the record. After considering Dr. Walker's affidavit and the arguments of counsel, the trial court denied Wife's motion for a continuance. The trial was held on April 29, 2010. Wife was not present at trial, though her attorney was. Husband offered the only evidence, although his testimony was cross examined by Wife's counsel. By Final Decree of Divorce, the trial court granted Husband an absolute divorce upon a finding that the parties had lived separate and apart for more than two years, had not cohabited as husband and wife, and had no minor children. The trial court awarded Husband sole and exclusive possession of both contested parcels of real estate. Husband was ordered to pay any temporary alimony owed for the month of April 2010, but the court otherwise denied prospective alimony to either party.

## II. Issues Presented

Wife has presented the following issues for review, as we restate from her brief:

> (1) Whether the trial court abused its discretion in denying her

---

[6]Wife's motion was not transcribed and is, therefore, not contained in the record. No written motion was ever filed.

motion for a continuance?

(2) Whether the trial court erred in denying her motion to add additional necessary parties?

Additionally, Husband, in the posture of Appellee, has requested an award of attorney's fees on appeal asserting that Wife's appeal is frivolous.

### III. Standard of Review

We review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). No presumption of correctness, however, attaches to the trial court's conclusions of law and our review is *de novo*. ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn. 2000).

### IV. Analysis

#### 1. Denial of Wife's Motion for Continuance

We first address whether the trial court erred in denying Wife's oral motion for a continuance. Tenn. Code Ann. § 20-7-101 provides that "[c]ontinuances . . . may always be granted by the court, upon good cause shown, in any stage of the action." The decision whether to grant or deny a request for a continuance is, therefore, a matter within the sound discretion of the trial court. ***Sanjines v. Ortwein & Assocs., Inc.***, 984 S.W.2d 907, 909 (Tenn. 1998) (citing ***Blake v. Plus Mark, Inc.***, 952 S.W.2d 413, 415 (Tenn. 1997)). An appellate court cannot interfere with the trial court's decision unless the court's decision constitutes an abuse of discretion and causes prejudice to the party seeking the continuance. ***Sanjines v. Ortwein & Assocs.***, 984 S.W.2d at 909. Our Supreme Court has stated that "under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting ***State v. Scott***, 33 S.W.3d 746, 752 (Tenn. 2000); ***State v. Gilliland***, 22 S.W.3d 266, 273 (Tenn. 2000)). This standard does not permit the appellate court to substitute its judgment for that of the trial court. ***Myint v. Allstate Ins. Co.***, 970 S.W.2d 920, 927 (Tenn. 1998). Rather, an abuse of discretion occurs only when the trial court "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." ***Eldridge v. Eldridge***, 42 S.W.3d at 85 (quoting ***State v. Shirley***, 6 S.W.3d 243, 247 (Tenn. 1999)).

Wife contends that it was an abuse of discretion for the trial court to deny her motion for a continuance in light of Dr. Walker's affidavit detailing her medical condition. Wife's

oral motion was heard in chambers and without a court reporter present; consequently, no transcript of the motion hearing exists. Pursuant to Tenn. R. App. P. 24(b), it is incumbent on the appellant to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal."[7] Furthermore, no statement of the evidence was filed pursuant to Tenn. R. App. P. 24(c). Consequently, we cannot know the reasons for the trial court's decision and are required to presume that the record, had it been properly preserved, would have supported the action of the trial court. *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Even were we to suspend the requirements of Tenn. R. App. P. 24 in this case, we still cannot conclude that the trial court abused its discretion. "Decisions regarding continuances are fact-specific" and "motions for a continuance should be viewed in the context of all the circumstances existing when the motion is filed." *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003). Factors relevant to the trial court's decision include: "(1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." *Id.*

As to Wife's proffered reason for the continuance, i.e., her medical condition, it is well settled that a trial court is within its discretion to deny a request for a continuance even where a party's illness or injury is the reason for the request. *See, e.g., Smith v. Daniel*, 46 F.2d 740, 742 (6th Cir. 1931) (finding no abuse of discretion where court refused to grant continuance on ground of illness of counsel and physical inability of plaintiff to proceed with trial and instead ordered plaintiff from her sickbed to attend trial without the assistance of counsel); *Mills v. Crane*, 1987 WL 9165, at *3 (Tenn. Ct. App. 1987) (finding no abuse of discretion where plaintiff became ill the day before trial and filed an affidavit with medical report stating that, due to his medical condition, he would be unable to sit for long periods of time or to undergo the stress of trial); *State v. Seals*, 735 S.W.2d 849, 852-53 (Tenn. Crim. App. 1987) (finding no abuse of discretion where defendant sustained injuries in automobile accident two days before the trial date); *State v. Robinson*, 622 S.W.2d 62, 74 (Tenn. Crim. App. 1980) (finding no abuse of discretion where defendant was recuperating from surgery performed a month earlier); *Hamilton v. State*, 555 S.W.2d 724, 727 (Tenn. Crim. App. 1977) (finding no abuse of discretion where defendant was partially paralyzed by a stroke hours before trial). While a party's illness or injury may be a factor for the trial court's consideration, such an illness or injury does not entitle a party to a continuance as a matter

_____

[7]A transcript of the April 29, 2010 hearing is contained in the record, but not, as noted above, a transcript of the in-chambers motion hearing.

of right. ***State v. Seals***, 735 S.W.2d at 853. A trial court is not required to grant a continuance "simply because it has before it a medical excuse." ***Wilson v. Wilson***, 1984 Tenn. App. Lexis 2743, *7 (Tenn. Ct. App. 1984).

The affidavit that Wife submitted does not state the date when she was last observed by Dr. Walker. While it states that "[Wife] presently has severe pain in her neck, back, shoulder and left upper extremity with numbness involving her left upper extremity," the affidavit does not indicate why this condition would prevent Wife's presence or participation at trial. Dr. Walker's affidavit merely reaches the conclusion that "[Wife] is in no condition to participate in any contested litigation in court"; a decision that is ultimately within the trial court's discretion. Finally, we note that the affidavit does not provide an estimate as to when Wife may be able to resume her participation in the contested litigation without suffering further harm.

The parties lived separately for well over a decade and the proceedings continued for over three years. Wife, a counter-complainant, filed multiple motions before the court. Wife requested, and was granted, four requests for temporary support, each after a hearing before the divorce referee. As recently as March 5, 2010, the trial court heard Wife's motion to add additional parties and to file a supplemental amended complaint (*see* discussion below). In short, Wife was an able and active litigant throughout the proceedings. Dr. Walker's affidavit avers that Wife was a long time patient of his and that his office had followed her for many years. While the affidavit does not state when Wife became afflicted with her ailments, it is logical to infer that she had suffered for some time while the current litigation was ongoing. We note that the April 29, 2010 trial date was first set on December 11, 2009, by order of January 13, 2010, and this date was reaffirmed by the trial court at a hearing on March 5, 2010. Dr. Walker's affidavit was filed three days before trial, and the motion was apparently argued in chambers the day before trial. While a trial court may grant a continuance even during the trial, *see* Tenn. Code Ann. § 20-7-101; ***Kinley v. Tennessee State Mut. Ins. Co.***, 620 S.W.2d 79, 82 (Tenn. 1981), the late hour of the request may permissibly be a factor in the court's decision as it speaks to Wife's lack of diligence in seeking the continuance. *See* ***Nagarajan v. Terry***, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003); ***Barber & McMurry, Inc. v. Top-Flite Dev. Corp.***, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986).

Because Wife has failed to provide this Court with a transcript or statement of the evidence conveying an accurate account of what transpired during the in chambers motion hearing, as required by Tenn. R. App. P. 24, we cannot ascertain the basis for the trial court's denial. Nevertheless, from the record before us, we discern no abuse of discretion in the trial court's refusal to grant Wife a continuance. Consequently, we affirm the trial court's judgment in this respect.

## 2. Denial of Wife's Motion to Add Additional Necessary Parties

Wife argues that the trial court erred by failing to add, as necessary parties, Regions Bank and First Magnus Financial Corporation, mortgagees of two properties that Husband acquired during the marriage, and to which Wife claimed an interest. Wife's motion to add additional necessary parties alleged that Husband obtained ownership of the two properties, which are located, respectively, on Brockwood Avenue and Pinecrest Drive in Memphis, and specifically that he had obtained these properties while "falsely portray[ing] himself to be an 'unmarried' or 'single' person." Wife argued that Husband came into ownership of these properties while still married to her, that they were encumbered with mortgages without her consent, and that her interest was superior to that of the lenders holding the mortgages. Thus, Wife argued that the lenders were indispensable parties because she had a marital interest in the two properties that was superior to that of the lenders. The trial court determined that Regions Bank and First Magnus Financial Corporation were not necessary parties and denied Wife's motion.

At trial, Husband testified that the Brockwood property was quitclaimed to him by his sister-in-law in 2006. He indicated that he borrowed money from First Magnus Financial Corporation to purchase the house and subsequently took out a second mortgage from Regions Bank to pay for repairs. Husband testified that the Pinecrest property was quitclaimed to him by his mother in October 2008, shortly before her death. He testified that, at the time of transfer, the property was encumbered with a mortgage held by Regions Bank. He further testified that Wife never lived at either address and had not contributed to the maintenance or upkeep of either property. Because Wife was not present at trial, this evidence was uncontested. In its Final Decree of Divorce, the trial court awarded Husband both properties, held him responsible for all mortgages on the properties, and divested Wife of any interest she may have had.

Rule 19.01 of the Tennessee Rules of Civil Procedure, provides that:

> A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of this claimed interest. . . .

-7-

Tenn. R. Civ. P. 19.01

In this case, Wife did not allege that, in the absence of the mortgagees as parties, complete relief could not accorded between Husband and Wife. Under our division of marital property laws, the trial court had the authority to determine what interests each party held in the properties and to fashion an equitable division thereof. *See* Tenn. Code Ann. § 36-4-121. The trial court's authority to fashion relief between Husband and Wife did not rely on the lenders being added as parties. The lenders' absence did not prevent the court from making an award of marital property, from making an award of alimony, or from fashioning any other relief it deemed necessary had it determined that the mortgages impaired or diminished Wife's interest in the property. While Wife has not appealed the division of marital property, we note that the court's division was consistent with the evidence offered at trial. We fail to ascertain how adding either of the two mortgagees as parties would have affected this outcome. Furthermore, both lenders' interests were adequately protected by their respective mortgages. *See **Estate of Wilson v. Arlington Auto Sales, Inc.***, 743 S.W.2d 923, 928-29 (Tenn. Ct. App. 1987). The trial court's divorce decree did not affect the validity of the underlying mortgages between Husband and the lenders. Complete relief was accorded between the parties, and the interests of neither Regions Bank, First Magnus Financial Corporation, nor the parties were affected by the mortgagees' absence from this divorce action. Consequently, we affirm the trial court's ruling.

### 3. *Attorney's Fees on Appeal*

Husband has requested an award of attorney's fees on appeal. The decision whether to award attorney's fees on appeal is within the sound discretion of this Court. *See **Archer v. Archer*** 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). Applying our discretion, we decline to award appellate attorney's fees based, in part, upon our conclusion that Wife's appeal was not frivolous.

## V. <u>Conclusion</u>

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Appellant, Sheila Naantaanbuu, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

-8-