IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

July 22, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9707-CC-00251 |
| | ) | |
| Appellee, | ) | |
| | ) | HICKMAN COUNTY |
| VS. | ) | |
| | ) | HON. CORNELIA A. CLARK, |
| C. W. McCALEB, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Simple Assault) |

**FOR THE APPELLANT:**

TERRY B. LARKIN
904 Hwy 48 South
Dickson, TN 37055-3912

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JOSEPH D. BAUGH, JR.
District Attorney General

RONALD L. DAVIS
Assistant District Attorney General
Williamson County Courthouse
Suite G-6
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

# OPINION

The defendant, C.W. McCaleb, was convicted by a Hickman County jury of simple assault. The jury fined him $1. The trial court sentenced the defendant to eleven (11) months and twenty-nine (29) days with the sentence to be suspended after service of ninety (90) days in the county jail. The defendant presents three (3) issues in this direct appeal:

(1) whether the evidence presented at trial was sufficient to support the verdict;

(2) whether the prosecuting attorney presented an improper closing argument; and

(3) whether the trial court properly sentenced the defendant.

The judgment of the trial court is AFFIRMED.

## FACTS

The state's proof showed the following. The victim, Neal Lovelace, is an attorney who represented the ex-wife of the defendant's son in divorce proceedings. Pursuant to Lovelace's advice, the defendant's daughter-in-law prepared to remove some items from the marital home. The defendant went to Lovelace's office to "clarify" to Lovelace that he owned the house and all of its contents. When Lovelace's secretary advised the defendant that Lovelace would not speak with him, the defendant stated in a threatening tone, "[w]ell, if he won't talk to me here, I'll catch him out on the corner."

Ten (10) days after the defendant visited Lovelace's office, Lovelace encountered the defendant while Lovelace was walking with another attorney, Jerry Smith. Smith greeted the defendant, but Lovelace remained silent. After Lovelace had passed, the defendant approached Lovelace from behind and stated, "I'm going to get you, you curly-headed m_____f_____." Lovelace

turned, noted the defendant had a fist clenched and his teeth gritted, and asked if the defendant was threatening him. Lovelace testified at this point he was in fear of imminent bodily harm from the defendant. The defendant's reply to Lovelace was that he was not threatening him, but that it would not be difficult to "whip your a__."

The defendant offered a different version of the encounter. He denied doubling his fist and denied threatening Lovelace.

## SUFFICIENCY OF THE EVIDENCE

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542,

547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

The defendant was convicted of assault which requires a person to "[i]ntentionally or knowingly cause another to reasonably fear imminent bodily injury. . . ." Tenn. Code Ann. § 39-13-101(a)(2). Lovelace testified that through the defendant's threatening speech and gestures, he felt that he was about to be attacked by the defendant. The jury obviously accredited the testimony of Lovelace over that of the defendant who offered a different version of the encounter. The elements of assault were established by Lovelace's testimony.

This issue is without merit.

## IMPROPER CLOSING ARGUMENT

The defendant contends the prosecuting attorney improperly argued to the jury in his closing argument that Lovelace could lose his license to practice law if he committed perjury. The defendant failed to object to this argument at trial; therefore, the issue is waived. Tenn. R. App. P. 36(a). We further find the argument does not rise to the level of plain error. Tenn. R. Crim. P. 52(b).

This issue is without merit.

## SENTENCING

The defendant argues the trial court erred in sentencing him because it erroneously considered convictions over ten (10) years old instead of solely relying upon the pre-sentence report. He argues this and the uncorroborated testimony of his enemies caused the trial court to erroneously sentence him to ninety (90) days incarceration.

At the sentencing hearing numerous witnesses testified as to prior assaults committed by the defendant. These incidents did not result in any convictions. In addition, the defendant had a 1970 petit larceny conviction and 1968 convictions for assault and battery and a weapons violation.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The trial court made exhaustive findings relating to the sentencing principles. The court noted that the defendant was presumed eligible for alternative sentencing, and that his crime was not particularly egregious. However, the court also noted the defendant had an extensive history of assaultive behavior and that rehabilitation did not seem likely. In addition to the defendant's prior history, the trial court observed that the defendant exhibited a lack of contrition and credibility, insisting every witness that testified against him lied.

Criminal conduct not resulting in convictions may be considered in sentencing. State v. Carico, ___S.W.2d___(Tenn. 1997); State v. Butler, 900 S.W.2d 305, 312 (Tenn. Crim. App. 1994). Furthermore, the trial court may properly consider prior convictions as an enhancement factor regardless of their age. Tenn. Code Ann. § 40-35-114(1); State v. Hoyt Edward Carroll, C.C.A. No. 03C01-9607-CC-00254, Hawkins County (Tenn. Crim. App. filed August 12, 1997, at Knoxville), *perm. to app. denied* (Tenn. March 2, 1998). The weight to

be given such convictions is within the discretion of the trial court.  <u>State v Boggs</u>, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996).

The defendant received the benefit of alternative sentencing.  The burden is on the defendant to establish suitability for total probation.  <u>Boggs</u>, 932 S.W.2d at 477.  The defendant's lack of credibility may properly be considered as it reflects upon one's potential for rehabilitation.  <u>State v. Dowdy</u>, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).  We give great deference to the trial court who was in a position to judge the appearance and demeanor of the defendant.  The defendant has failed to meet his burden of establishing entitlement to total probation.

Our review of the record indicates the trial court properly considered the sentencing principles and all relevant facts and circumstances.  The sentence imposed is entitled to a presumption of correctness.  We see no reason to modify it.

The judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**CURWOOD WITT, JUDGE**

_____
**LEE MOORE, SPECIAL JUDGE**

6