IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1999 SESSION



FILED

January 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9803-CR-00065 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. BERNIE WEINMAN, |
| CHRISTOPHER J. EACHOLES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Second Degree Murder) |

**FOR THE APPELLANT:**

**ROBERT C. BROOKS**
707 Adams Avenue
P.O. Box 771558
Memphis, TN 38105

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**C. ALANDA HORNE**
**KEVIN R. RARDIN**
Asst. District Attorneys General
201 Poplar Ave, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Christopher J. Eacholes, appeals as of right his conviction for second degree murder by a Shelby County jury. He received a sentence of twenty-one years in the Department of Correction. On appeal he contests the sufficiency of the evidence and whether the trial court erred in failing to apply certain mitigating factors in sentencing. Finding no error below, the judgment of the trial court is **AFFIRMED**.

## FACTS

The defendant resided in Memphis with Sharon Nunnally and her sister, Melissa Stewart. Shortly after the defendant moved in with the sisters, he and Stewart began a romantic relationship. That relationship ended sometime around the first part of September 1996. Stewart and the victim, Montsho Jimerson, also had a previous relationship. Stewart resumed her relationship with the victim in early October 1996.

Stewart and the victim were watching television in Nunnally's residence on the evening of October 17, 1996. The defendant returned to the residence and entered through a side door. Stewart proceeded to the bedroom to speak with the defendant. The defendant then walked into the living room, drew a small pistol, and shot the victim four (4) times from the side as he watched television. The victim subsequently died from these wounds.

Stewart testified that the defendant had previously argued with the victim about the victim's presence in the residence. Apparently, the defendant was unhappy that Stewart continued to have contact with her ex-boyfriend. At one point the defendant told the victim if he continued to visit the residence, his mother would "be wearing a black dress."

2

The defendant testified that he, in fact, did not approve of the victim's presence at the residence. Defendant testified that the victim previously threatened him and appeared to be reaching for a gun when he shot him. No weapon was found on the victim.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence adduced at trial is insufficient to support his conviction for second degree murder.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

The state's proof revealed that defendant knowingly shot and killed the victim. Although the defendant contended the shooting was in self-defense, the

3

jury rejected this and found him guilty of a "knowing killing of another." Tenn. Code Ann. § 39-13-210(a)(1). Self-defense is a jury question. State v. Ivy, 868 S.W.2d 724, 727 (Tenn. Crim. App. 1993). The jury was within its prerogative in rejecting self-defense.

This issue is without merit.

## SENTENCING

The defendant's second issue addresses the trial court's failure to apply any mitigating factors. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The defendant received a twenty-one (21) year sentence. The presumptive sentence for the Class A felony of second degree murder is the midpoint within the range; namely, twenty (20) years. *See* Tenn. Code Ann. § 40-35-210(c). The trial court considered statutory enhancing factors and found that the offense was committed with a firearm. *See* Tenn. Code Ann. § 40-35-114(9). Based upon this factor, the trial court enhanced defendant's sentence one (1) year. The trial court noted the mitigating factors submitted by defendant: (1) defendant acted under strong provocation, Tenn. Code Ann. § 40-35-113(2); and (2) defendant was a first-time offender, had a high school education, had a good work record, came from a good family, and was deeply remorseful, Tenn. Code Ann. § 40-35-113(13). The trial court rejected these factors. The

4

sentence of twenty-one (21) years, one year above the presumptive sentence, was well within the discretion of the trial court.  Thus, the sentence was proper.

This issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**JOHN EVERETT WILLIAMS, JUDGE**

5