IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER SESSION, 1999

STATE OF TENNESSEE,     )    C.C.A. NO. E1999-
                    00044-CCA-R3-CD
                           )
     Appellee,          )
                           )
                           )    BLOUNT COUNTY
VS.                          )
                           )    HON. D. KELLY THOMAS, JR.
ARTHUR COPELAND,       )    JUDGE
                           )
     Appellee.          )    (Direct Appeal- Class A Misdemeanor)

FILED

December 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

ROBERT W. WHITE
404 Ellis Avenue
Maryville, TN 37804

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MIKE FLYNN
District Attorney General

WILLIAM REED
Assistant District Attorney
363 Court Street
Maryville, TN 37804

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# **OPINION**

The appellant, Arthur Copeland, was convicted by a Blount County jury of one (1) count of simple assault, a Class A misdemeanor. The trial court sentenced him to eleven (11) months and twenty-nine (29) days in the county jail and ordered that the appellant's sentence for assault run consecutively to his sentence for a prior aggravated robbery conviction. On appeal, the appellant claims that the trial court erred in (1) imposing sentence immediately after the jury rendered its verdict without affording the appellant a separate sentencing hearing; and (2) ordering consecutive sentences. After thoroughly reviewing the record before this Court, we conclude that there is no evidence in the record to support the trial court's imposition of consecutive sentences. Therefore, this case is remanded to the trial court for another sentencing hearing.

## I.

The appellant was convicted for striking William Goodwin on the side of his face with a handgun. After the jury rendered its verdict, the trial court proceeded to sentence the appellant for his conviction of simple assault. After a brief discussion regarding whether the appellant's sentence should run concurrently or consecutively to his prior conviction for aggravated robbery, defense counsel stated to the trial court:

> of course, we would naturally prefer them to run concurrently. If we're not going to be able to agree with the State on that issue, quite honestly, I'm not – I didn't really come here prepared for sentencing today. I'd like to – if it's going to be a question of whether it's going to be consecutive or concurrent, then I'd like a chance to prepare and have a presentence report so we could look at different factors that would be relevant. I can't just on my client's behalf, although the Court may have a real good idea of what it wants to do, I hate to just agree to consecutive sentencing.

The trial court then immediately imposed sentence. The court found that the appellant had an extensive criminal history and had several prior convictions for violent offenses. In making this determination, the trial court referenced a

presence report prepared for sentencing on a prior offense. The trial court sentenced the appellant to eleven (11) months and twenty-nine (29) days and ordered that this sentence run consecutively to his sentence for aggravated robbery. From the trial court's imposition of sentence, the appellant now brings this appeal.

## II.

## A.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing;
>
> (2) [t]he presentence report;
>
> (3) [t]he principles of sentencing and arguments as to sentencing alternatives;
>
> (4) [t]he nature and characteristics of the criminal conduct involved;
>
> (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
>
> (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115. A trial court may order sentences to run consecutively if it finds that one or more of the statutory criteria exists by a preponderance of the evidence. Tenn. Code Ann. § 40-35-115(b); <u>State v. Black</u>, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

**B.**

It appears that the trial court ordered consecutive sentences based upon a finding that the appellant was "an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2). This is clearly an appropriate basis upon which to impose consecutive sentences.

However, the trial court made its finding while referencing a presentence report believed by the trial judge to have been prepared for the appellant's sentence for a prior conviction. This presentence report is not in the record before this Court. Despite repeated efforts by this Court to supplement the record with the prior presentence report, we have been informed by the Blount County Circuit Court Clerk's Office and by the appellant's probation officer that such presentence report does not exist.

Generally, under this Court's standard of review, we would presume that the trial court's findings are correct. Tenn. Code Ann. § 40-35-401(d). However, there is no evidence in the record to support the trial court's decision to impose consecutive sentences in this case. Therefore, this case must be remanded to the trial court for resentencing.[1] *See* Tenn. Code Ann. § 40-35-401(c). Upon resentencing, the trial court is not precluded from considering the propriety of consecutive sentencing. However, if the trial court determines that consecutive sentences are appropriate, that conclusion must be supported by evidence in the record.

---

[1] The appellant also raises the issue whether the trial court erred in refusing a separate sentencing hearing. Typically, one who is convicted of a misdemeanor is not statutorily entitled to a separate sentencing hearing. *See* Tenn. Code Ann. § 40-35-302(a). However, because we must remand for resentencing, this issue is rendered moot.

### III.

There is no evidence in the record to support the trial court's imposition of consecutive sentences in this case. Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for resentencing.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE