# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## DECEMBER 1999 SESSION

FILED

**March 6, 2000**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # W1999-00030-CCA-R3-CD |
| Appellee, | * | FAYETTE COUNTY |
| VS. | * | Honorable Jon Kerry Blackwood, Judge |
| **PATRICIA SPENCER,** | * | (Second Degree Murder; Attempted Especially Aggravated Robbery) |
| Appellant. | * | |

FOR THE APPELLANT:

STEVEN L. HALE
P. O. Box 638
Somerville, TN   38068

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 E. Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

On December 11, 1998, the defendant, Patricia Spencer, pled guilty to one count of second degree murder and one count of attempted especially aggravated robbery. The trial court sentenced her as a Range I Violent Offender to 25 years for the second degree murder and as a Range I Standard Offender to 8 years for the attempted especially aggravated robbery, the sentences to be served concurrently. From this sentencing, the defendant now appeals asserting that the trial court erred in its 25-year sentence for the second degree murder; accordingly, she requests that her sentence be reduced. After careful review, we AFFIRM the sentence as imposed by the trial court.

## INTRODUCTION

On July 28, 1997, Patricia Spencer and Cory Anderson were indicted by the Fayette County Grand Jury on first degree murder, both felony-murder and premeditated murder, attempted especially aggravated robbery, and felony possession of a handgun. Both ultimately entered guilty pleas; on December 11, 1998, the defendant pled guilty to murder in the second degree and attempted aggravated robbery.

The defendant's sentence was imposed after a sentencing hearing at which the defendant testified to details and circumstances of the attempted robbery and murder of the victim, Bill Myers. The defendant in substance admitted to her involvement in the planning and execution of the attempted robbery; however, she denied actually committing the murder. The state introduced the testimony of a police officer and a doctor, cross-examined the defendant, and presented argument. Cory Anderson, the defendant's accomplice, did not testify.

Accordingly, we set out the facts consistent with the testimony of the defendant. On the night of July 9, 1997, the defendant and her boyfriend, Cory Anderson, set about a plan of robbery. The defendant was to enter the house of her friend, Bill Myers, with a bag containing among other things a long knife and a baseball bat. Once inside, the defendant was to strike Myers in the head,

render him unconscious, and then unlock the backdoor through which Anderson would enter with a gun. The two would then rob Myers.

In execution, however, the plan ended in murder rather than robbery. The defendant entered with the bag as planned and unlocked the door. Anderson entered and pulled a gun on Myers as he lay, conscious, on the bed. He ordered Myers to lay face down and told the defendant to strike Myers in the back of the head with a nearby whiskey bottle. The defendant struck Myers twice shattering the bottle on the back of his head. The two then attempted to tie-up Myers; however, they were unsuccessful. The defendant then left the bedroom and entered the kitchen; once there she heard arguing in the bedroom and heard several gun shots. Anderson staggered from the bedroom and, with the defendant, ran from the house where Anderson fell.

Anderson had been shot and was bleeding; the defendant therefore went to a nearby house for help. Once there, she attempted to call her friend. Exiting the house and returning to Anderson in the bushes, she found him in worse condition. After some time, knowing the police were in the area, she left to get help for Anderson. She told the police Anderson's location, his condition, and, when asked, alerted them to the presence of a gun. She was then arrested.

In custody, the defendant gave a statement to police significantly different from her testimony at trial. Myers died of wounds sustained including blunt trauma to his neck and head, a knife-injury to his neck, and a gunshot wound to his abdomen.

After hearing this testimony and argument from both sides, the trial court sentenced the defendant to 25 years for the second degree murder and 8 years for the attempted aggravated robbery, to be served concurrently. In support of imposing the maximum possible sentence for the second degree murder, the trial court found three enhancement factors:

> (1) She had no hesitation about committing an offense to which the risk of human life was high (10);
> (2) she possessed a deadly weapon in the commission of the offense (9); and

(3) she abused a position of private trust to facilitate the commission of the offense (15).

Further, the trial court found two mitigating factors:

(1) She had no previous felony record (13); and
(2) she admitted her guilt by the entry of a plea of guilty (13).

Weighing these factors, the trial court sentenced her as stated above.

## ANALYSIS

The defendant contends that the trial court erred in imposing a 25-year sentence for her conviction of second degree murder. Specifically, she alleges that the trial court failed to find and properly apply the following mitigating factors:

(1) The defendant played a minor role in the commission of the offense (4);
(2) the defendant was suffering from a mental condition which significantly reduced her culpability for the offense (8);
(3) the defendant assisted the authorities in uncovering offenses committed by other persons or in detecting or apprehending persons who had committed the offenses (9);
(4) the defendant acted under duress (12); and
(5) the defendant expressed great remorse (13).

## STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. See State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial

court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. Fletcher, 805 S.W.2d at 789.

In the instant case, the trial court's sentencing determination is not entitled to the presumption of correctness because the trial court erred in applying Tenn. Code Ann. § 40-35-114(10) as an enhancing factor. This factor is inapplicable because it is inherent in the offense of second degree murder. See State v. Jones, 883 S.W.2d 597, 603 (Tenn. 1994). Accordingly, we will review the sentence under a purely de novo standard.

## DE NOVO REVIEW

We first determine that the appropriate range of sentence for second degree murder, a Class A felony, Range I Violent Offender is 15 - 25 years. Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence for a Class A felony shall be 20 years, the midpoint of the range absent either enhancement or mitigating factors.

Now we review for enhancement factors. The defendant does not contest and we agree with the trial court's application of enhancing factors (9) and (15). See Tenn. Code Ann. §§ 40-35-114(9), (15).

We further find that the evidence adduced at the sentencing hearing supports a finding that the defendant, in fact, had a lengthy history of criminal behavior, including cocaine use, prostitution, attempted blackmail, and participation in another robbery. Accordingly, we find Tenn. Code Ann. § 40-35-114(1) as an additional appropriate enhancing factor.

Next, we consider the defendant's requested application of mitigating factors. The defendant first claims that she played a "minor role in the commission of the offense." See Tenn. Code Ann. § 40-35-113(4). The defendant argues that as her role in the death of Bill Myers was "extremely

minor" and as Cory Anderson was the real "leader of this offense," she is entitled to mitigation. This Court disagrees.

The defendant conspired with Anderson to rob Myers. The defendant then used her friendship with Myers to enter his house. She brought with her into this house deadly weapons. She then let Cory Anderson into the house. Upon his entrance, she struck Myers with a whiskey bottle, and she helped in the robbery attempt. These actions are not in any way "minor"; instead, they form major parts of the offense, both in its planning and execution. Therefore, this argument is not well-taken.

Next, the defendant argues that the trial court failed to find a "mental condition that significantly reduced her culpability for the offense." See Tenn. Code Ann. §40-35-113(8). This argument is apparently based upon the fact that the defendant admitted to having smoked crack cocaine on the day of the offense and to having a long and beleaguered drug history. These admissions, standing alone, provide no basis for finding mitigation based upon a "mental condition that significantly reduced her culpability." Therefore, this argument is not well-taken.

Next, the defendant claims that the trial court should have found that she assisted the authorities in uncovering the offenses committed. See Tenn. Code Ann. § 40-35-113(9). Whether the defendant claims that her assistance was that offered the night of the offenses when she told the officers Anderson's whereabouts or whether that assistance is comprised of her plea of guilty and "willingness to testify" against Anderson, the argument has no merit. Her help that night occurred far too late and in a situation other than that contemplated by the statute. She was surrounded by police, and Anderson, her accomplice, was bleeding in the bushes. As for her plea of guilty and her "willingness to testify," these are matters of trial strategy motivated for any number of reasons and, above all, occurred far too late to help the victim, Myers. Therefore, this argument is not well-taken.

Next, the defendant claims that the trial court erred in failing to find that she acted under duress or under the domination of another person. See Tenn. Code Ann. § 40-35-113(12). While the defendant claims that life with Anderson was filled with fear, intimidation, and undue influence, there is nothing in the record to indicate that she acted in fear of Anderson that evening. Nor is there any evidence that she was forced into this plan of robbery and murder by Anderson; rather, she actively participated in selecting the victim and executing the plan. Therefore, this argument is not well-taken.

Finally, the defendant claims that the trial court failed to find that she "expressed great remorse relative to the death of Myers." Specifically, the defendant argues that her expression of grief to Myers' family should serve as the basis for mitigation consistent with this Court's holding in State v. Williamson, 919 S.W.2d 69, 83 (Tenn. Crim. App. 1995): "Genuine, sincere remorse is a proper mitigating factor." While remorse is a relevant concern, "the mere speaking of remorseful words or a genuflection in the direction of remorse will not earn the accused a sentence reduction." Williamson, 919 S.W.2d at 83. The trial judge saw the defendant, listened to her testimony, and observed her demeanor and concluded that this mitigating factor did not apply. In light of the facts of this case and after having reviewed the statements made, this Court will not disturb that conclusion.

We weigh the factors in accordance with the appropriate sentencing principles and find that the defendant's sentence remains the same, 25 years. The weight of the three remaining enhancing factors preponderates against the two mitigating factors. We place great weight on enhancing factors (9) and (15) and some weight on factor (1). We place little weight on the two mitigating factors. Therefore, we conclude that the defendant's 25-year sentence shall not be reduced.

**CONCLUSION**

We AFFIRM the sentence as imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
NORMA McGEE OGLE, Judge