# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 2000 Session

## STATE OF TENNESSEE v. JAMES A. SHIVELY

### Direct Appeal from the Circuit Court for Williamson County
### No. I-1098-341, I-1098-364, I-1098-365-366      Henry Denmark Bell, Trial Judge

---

### No. M1999-01072-CCA-R3-CD - Filed August 4, 2000

---

Having pled guilty to various counts of aggravated burglary, robbery, auto theft, and theft, the defendant appeals from his sentences. He argues that the trial court improperly imposed consecutive sentences and that his effective twelve-year sentence is therefore excessive. After a de novo review, we affirm the sentences as imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Eugene Honea, Assistant Public Defender, Franklin, Tennessee, for the appellant, James A. Shively.

Paul G. Summers, Attorney General & Reporter, Jennifer L. Bledsoe, Assistant Attorney General, Ronald L. Davis, District Attorney General, Jeffrey Preston Burks, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The defendant, James A. Shively, appeals sentences he received after he pled guilty in Williamson County. He pled guilty to four Class C felonies [three counts of aggravated burglary and one count of robbery], one Class E felony [one count of auto burglary] and one Class A misdemeanor [one count of theft under $500]. For each of the Class C felonies, the defendant was sentenced to the statutory minimum, three years incarceration. For the Class E felony, he was sentenced to one year of incarceration, and finally, for the Class A misdemeanor, he was sentenced to six months. The last two sentences were imposed concurrently to his sentences for the Class C felonies: the four three-year Class C felony conviction sentences were ordered to be served consecutively to each other, and that consecutive sentencing is the reason for this appeal. The defendant asserts that the effective twelve-year sentence is "excessive." After a careful review, we affirm the sentences as

imposed.

## Facts

We outline only those facts relevant to the defendant's sole issue concerning consecutive sentencing and not those relating to the actual offenses. First, the defendant pled guilty to six counts, as outlined above. After the trial court entered his plea, it conducted a sentencing hearing. At that hearing, the victim testified on behalf of the state. The defendant, his grandmother, and his grandfather testified for the defendant. Besides actual testimony, the state introduced a pre-sentence report and a victim-impact statement and also played a video-recording of the victim's trial testimony. After hearing this testimony and evidence, the trial court sentenced the defendant to an effective twelve-year sentence.

## Analysis

The defendant's sole argument on this appeal is that his sentence is excessive. In particular, he asks this Court to review the trial court's determination that the four Class C felony sentences be served consecutively. We have reviewed the trial court's sentencing and find no error that would require any reversal or modification.

The trial court, after rather lengthy discussion, ruled as follows:

> . . . [t]he sentence should be an effective sentence of twelve years, which would be by taking the four C felonies, the three aggravated burglaries and the one robbery, and sentencing him to four years each on those, give him the minimum sentence on the rest of them and let the four three-year sentences run consecutively to each other and to any other time he may have somewhere else. . . .

Normally, after sentencing, if the defendant chooses to appeal that sentence, we presume that the trial court's rulings are correct. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, when, as in this case, a trial court deviates from proper sentencing procedure, we abandon that presumption and instead review the sentencing de novo. See State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994); State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997); State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1997). Here the trial court failed to place upon the record its findings concerning aggravating and mitigating factors. Therefore, our review is de novo.

That said, any error in this sentence concerning enhancing and mitigating factors does not affect any right of the defendant. Such error did not prejudice the defendant who received on each felony conviction the statutory minimum.[1] Therefore, in light of the scope of this appeal and the harmless nature of the trial court's sentencing error, we will not now review the submitted mitigators

---

[1] We note that the state does not appeal the trial court's sentencing determinations. If that were the case, then we would review each factor de novo.

and enhancers, but instead, move on to a de novo review of the trial court's decision to order consecutive sentencing.

In Tennessee, a court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
(2) [t]he defendant is an offender whose record of criminal activity is extensive.;
(3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
(5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
(6) [t]he defendant is sentenced for an offense committed while on probation; or
(7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b); see also State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Furthermore, the Court is required to determine, in the case of "dangerous offenders," whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. See State v. Lane, 3 S.W.3d 456 (Tenn. 1999).

At this stage, we do not defer to the trial court's sentencing but rather review de novo and note that the defendant has admitted that he committed the instant offenses while on probation for other offenses. This fact is sufficient to warrant the imposition of consecutive sentencing. See Tenn. Code Ann. § 40-35-115(b)(6); State v. Stacy Allen Bullard, No. E1999-00796-CCA-R3-CD (Tenn. Crim. App. filed March 15, 2000, at Knoxville). Also, we note that a twelve-year sentence for six criminal offenses, of which five are felonies, is not properly labeled "excessive." Therefore, we, affirming the trial court, order that the four Class C felonies be served consecutive to each other.

## Conclusion

For these reasons, the sentences as imposed by the trial court are affirmed in all respects.

_____
JOHN EVERETT WILLIAMS, JUDGE