IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
SEPTEMBER 13, 2000 Session

## STATE OF TENNESSEE v. JOSHUA DAILEY

**Direct Appeal from the Circuit Court for Blount County
Nos. C-11650, C-11651     D. Kelly Thomas, Judge**

**No. E1999-01342-CCA-R3-CD
November 28, 2000**

The Defendant, Joshua Dailey, pled guilty to two counts of the Class E felony offense of violation of the Habitual Motor Vehicle Offender Act. The trial court sentenced Defendant to two years for each conviction, to be served consecutively. Furthermore, the trial court ordered the first sentence to be served in split confinement, with 300 days incarceration in the county jail followed by placement in Community Corrections. The Defendant appeals, challenging the length of the total effective sentence and arguing that he should serve the entire sentence in Community Corrections. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Shawn G. Graham, Maryville, Tennessee, Assistant District Public Defender, for the appellant, Joshua Dailey.

John Bobo, Assistant District Attorney General; and R. Stephen Jobe, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Joshua Dailey, pled guilty to two separate counts of violation of the Habitual Motor Vehicle Offender Act ("HMVO"). The State and the Defendant agreed that the trial court would determine the length and manner of service of the sentences at a subsequent sentencing hearing. The trial court sentenced Defendant to two years for each of the Class E felony convictions as a Range I Standard Offender. The trial judge further ordered the sentences to be served consecutively to each other, and consecutively to Knox County sentences for which

the Defendant was on probation at the time of the commission of the Blount County HMVO offenses.

One offense in the case sub judice occurred on February 4, 1999 and the other occurred on April 3, 1999. In the first sentence, the Blount County Circuit Court ordered Defendant to serve 300 days in the county jail, with the balance of the sentence served in Community Corrections. The trial court ordered the entire sentence for the other consecutive sentence to be served in Community Corrections. See Tenn. Code Ann. § 40-35-501 (a)(2) and (3) (Supp. 1999).

In his appeal to this Court, Defendant asserts that the total length of the effective sentence given to him should be reduced to three years and that all of the effective sentence should be served in Community Corrections. Therefore, Defendant argues that his total effective sentence, once reduced, should be served with no confinement in the county jail.

When a defendant makes a challenge to the length, range, or manner of service of a sentence, this Court conducts a de novo review of the record with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (1997). We condition this presumption upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Failure of the trial court to comply with the statutory directives removes the presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense and the defendant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp.1999); Ashby, 823 S.W.2d at 169. "The burden of showing that the sentence is improper is upon the appellant." Ashby, 823 S.W.2d at 169. The presumption of correctness applies in this case.

In setting the length of the sentences, the trial court found enhancement factors (1) (Defendant's prior criminal record) and (8) (Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community). See Tenn. Code Ann. § 40-35-114 (1) and (8) (1997). The Defendant admits these factors are applicable, and that the trial court should increase his sentences above the minimum sentence imposed by law. He argues, however, that the sentences should be mitigated because: (1) all his prior convictions, except one, are for misdemeanors; (2) all but one are more than two years old; and (3) the trial court found only two of twenty possible statutory enhancement factors.

The record on appeal reflects that Defendant had six prior convictions for DUI, three prior convictions for public intoxication, two prior convictions for driving on a revoked license, and two prior felony convictions for violation of the HMVO Act in 1998 (for offenses occurring in January and February 1997). The record further shows that while on probation for a DUI

conviction in 1986 he committed another DUI, and while on probation for another DUI conviction in 1994, he committed another DUI and was also charged with driving on a revoked license.

The trial court placed great weight upon the enhancement factors that were found applicable. Under the facts of this case, we find that the trial court did not err by setting the sentence for each offense at two years. As Defendant was on bond for the felony offense of violation of the HMVO Act when he committed the same offense again on April 3, 1999, the law requires the sentences to be served consecutively. Tenn. R. Crim. P. 32 (c)(3)(C).

Regarding Defendant's argument that the total sentence should be served entirely in the Community Corrections program, with no incarceration, we note that those who possess criminal histories evincing a clear disregard for the laws of society, and those who evince failure of past efforts at rehabilitation, are given priority regarding incarceration. Tenn. Code Ann. § 40-35-102(5) (1997). Furthermore, as found by the trial court, a sentence involving incarceration can be based upon the fact that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103 (1)(C) (1997). In addition, confinement is justified whenever society should be protected by restraining a defendant who has a long history of criminal conduct. Defendant was forty-four years old at the time of sentencing, and his criminal conduct, outlined above, began when he was thirty-one years old. Accordingly, the trial court did not err by ordering 300 days confinement in the county jail.

## CONCLUSION

Having found no error, we affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, JUDGE

-3-