IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2001

## STATE OF TENNESSEE v. CORRIE JOHNSON

**Direct Appeal from the Criminal Court for Hardin County**
**No. 7835     C. Creed McGinley, Judge**

---

**No. W2000-01216-CCA-R3-CD - Filed February 13, 2001**

---

The defendant was convicted by a Hardin County jury of driving under the influence (DUI), possession of marijuana, and possession with the intent to sell or deliver 0.5 grams or more of cocaine. The trial court sentenced the defendant to two 11 month and 29 day sentences for the DUI and possession of marijuana convictions, suspended after serving 30 days in jail. The trial court sentenced the defendant to 9 years incarceration, as a Range I standard offender, for possession with intent to sell or deliver 0.5 grams or more of cocaine. All sentences were to be served concurrently. In this appeal as a matter of right, the defendant alleges the trial court erred by denying (1) his motion to suppress evidence discovered as a result of the vehicle stop and (2) his request for alternative sentencing. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Corrie Johnson.

Paul G. Summers, Attorney General and Reporter; Laura E. McMullen, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant received an effective sentence of 9 years for DUI, possession of marijuana, and possession with the intent to sell or deliver 0.5 grams or more of cocaine. In this appeal as a matter of right, the defendant challenges the validity of the vehicle stop and the denial of alternative sentencing. After a thorough review of the record, we affirm the judgment of the trial court.

## I.  FACTS

John Alexander, Hardin County Sheriff's Department narcotics investigator, received a phone call on March 31, 1999, at approximately 7:25 p.m. from a confidential informant who stated the defendant was driving his vehicle in possession of crack cocaine and possibly Hydrocodene pills. Alexander testified that the informant was reliable on previous occasions, gave a description of the defendant's vehicle, and informed him of the exact route which the defendant would be traveling. Accordingly, Alexander and deputies proceeded to a location along the defendant's purported route, and the defendant's vehicle was observed at about 7:50 p.m.  Alexander and his deputies immediately stopped the defendant.

Officer Tracie Grisham, after stopping the defendant's vehicle and walking to the driver's door, immediately smelled a strong odor of alcohol on the defendant. Grisham initiated the "walk and turn/heel to toe" field sobriety test, and the defendant performed unsatisfactorily. The defendant was placed under arrest for DUI, and the officers searched him. The officers found 6.2 grams of marijuana and 1.6 grams of individually wrapped crack cocaine in his pocket. The defendant was transported to the emergency room where he submitted to a blood test. It revealed a blood alcohol level of .10%. The illegal drugs seized from the defendant were sent to the TBI laboratory where their identity and quantity were confirmed by scientific analysis.

## II.  SUPPRESSION MOTION

The defendant claims that the officers lacked the reasonable suspicion necessary to stop the defendant's vehicle. We disagree.

### A. Standard of Review

Our supreme court has recently articulated the standard of review for our review of suppression motions in State v. Daniel, 12 S.W.3d 420 (Tenn. 2000).  It held:

> Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact.  The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld.  In other words, a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise.

Id. at 423-24 (quoting State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)).  However, the application of law to the facts found by the trial court is a question of law that requires *de novo* review. *Id.* at 423.  Additionally, in evaluating the correctness of a trial court's ruling on a pretrial motion to

suppress, appellate courts may consider the proof adduced both at the suppression hearing and at trial. State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998).

## B. Investigative Stop

An investigative stop of an automobile is proper if law enforcement officials have "a reasonable suspicion, supported by specific and articulable facts, that the occupants of the vehicle have committed, are committing, or are about to commit a criminal offense." State v. Keith, 978 S.W.2d 861, 865 (Tenn. 1998). Our supreme court has upheld the constitutionality of motor vehicle investigative stops based upon information derived from informant tips. State v. Pully, 863 S.W.2d 29, 34 (Tenn. 1993). However, for a valid investigative stop based on information derived from an anonymous informant, Tennessee law requires some showing of both the informant's veracity or credibility and his or her basis of knowledge. Keith, 978 S.W.2d at 866. However, reasonable suspicion can arise from information that is less reliable than that required to establish probable cause. Pully, 863 S.W.2d at 32.

With regard to evaluating the reliability of an informant's tip, the circumstances under which a tip was given may sufficiently relate the informant's basis of knowledge, even in the absence of an explicit statement by the informant. Keith, 978 S.W.2d at 866. If an informant reports an incident at or near the time of its occurrence, a court can often assume that the report is first-hand and reliable. State v. Simpson, 968 S.W.2d 776, 782 (Tenn. 1998). Additionally, a court can infer eyewitness reliability of the informant if the tip is contemporaneously corroborated by police. Keith, 978 S.W.2d at 866. An informant's credibility may also be established by police corroboration. *Id.*

## C. Analysis

We conclude that the state has sufficiently proven both the reliability of the informant and the basis of his information. The informant's credibility was established by Alexander's testimony that the informant had previously provided information which led to arrests, convictions, and the recovery of narcotics on more than one occasion. Although the informant did not specifically state the basis for his knowledge, the tip was given just prior to the time the defendant was driving on the specified route, as evidenced by the passing of only 25 minutes from the time of the informant's phone call to the completion of the stop of the defendant. Accordingly, the trial court could assume the report was from reliable first-hand knowledge. *See* Simpson, 968 S.W.2d at 782. Additionally, the responding officers corroborated the informant's tip before initiating the stop. The defendant's vehicle was located traveling on the specific route, in the specific direction, as stated by the informant. Additionally, the informant's physical description of the defendant's vehicle was correct. Accordingly, we hold that the information provided by the confidential informant led to a reasonable suspicion of criminal activity, and the stop of the defendant's vehicle was proper.

### III. SENTENCING

The defendant claims that the trial court should have granted alternative sentencing. We disagree.

### A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

### B. Analysis

The defendant concedes that since he was convicted of a Class B felony, he is not presumed to be a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6). Instead, he asserts that the sentence is inconsistent with the general sentencing statutes.

The trial court found that the defendant had "a pattern of behavior established as far as a flirtation with drugs and other matters such as criminal trespassing." More specifically, the defendant had six prior misdemeanor convictions, two of which were drug-related. One of the prior drug offenses was possession of marijuana committed less than two months after his arrest in this case and while he was on bond. Additionally, the court stated, in reference to the defendant's cocaine conviction, that although the defendant possessed much promise in his young adulthood, "it simply tells you what happens when people get involved in the drug community."

The defendant is ineligible for probation since his sentence exceeds eight years. *See* Tenn. Code Ann. § 40-35-303(a). In light of the defendant's prior criminal record and the failure of

measures less restrictive than confinement to curb his criminal activity, we conclude the trial court did not err in denying community corrections.

Accordingly, we see no reason to disturb the sentence of the trial court.

## CONCLUSION

Based upon the foregoing, we hold that the trial court correctly denied the defendant's suppression motion and request for alternative sentencing. Thus, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE