IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001

## STATE OF TENNESSEE v. JOHN CALVIN SMITH

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 229720 and 229866     Douglas A. Meyer, Judge**

---

**No. E2000-01109-CCA-R3-CD**
**April 18, 2001**

---

The defendant pled guilty to two counts of felonious possession of a weapon with an agreed sentence of two consecutive two-year terms. In this appeal, the defendant challenges the trial court's denial of alternative sentencing. Upon review of the record, we affirm the trial court's denial of alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Johnny D. Houston, Jr., Chattanooga, Tennessee, for the appellant, John Calvin Smith.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; William H. Cox III, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pled guilty to two counts of felonious possession of a weapon for an agreed sentence of two consecutive two-year terms. The defendant challenges the trial court's denial of alternative sentencing. We affirm the trial court.

### FACTS

The defendant was arrested on December 11, 1998, for possession of a weapon by a felon. While on bond for that offense, the defendant was again arrested on December 17, 1998, for felonious possession of a weapon. He pled guilty as a Range II multiple offender to both counts of

felonious possession of a weapon, Class E felonies, for an agreed effective sentence of four years with the trial court to determine whether alternative sentencing should be granted.

The defendant testified at his sentencing hearing that he was a 65-year-old, disabled veteran. He further stated that his physical problems included numerous hip replacements, cirrhosis of the liver, glaucoma, and ulcers. Additionally, the defendant stated that he was a victim of a robbery in 1997 and almost died from a gunshot wound. He further stated that two subsequent robbery attempts occurred since the 1997 incident. He explained that he possessed the firearms because he needed protection.

The defendant testified that he ran a "good time house" but ceased its operation subsequent to the second charge in this case. We surmise from the pre-sentence report that this was an illicit drinking and gambling establishment run out of the defendant's residence, and the defendant did not possess a liquor, beer or business permit. The defendant conceded he knew it was illegal to run such an establishment and deliberately broke the law. Although the defendant was cited numerous times in 1995 for liquor violations and for running a "disorderly house," he was unable to remember if the city judge warned him about "running a good time house."

The defendant's prior criminal record consists of nine misdemeanor convictions, two convictions for food stamp fraud, and one conviction for second degree murder. The defendant admitted that he was on probation for food stamp fraud when he was convicted of second degree murder in 1984. He further admitted that he knew it was illegal for him to possess firearms, but he consciously chose to break the law.

The trial judge found that the defendant deliberately engaged in illegal activities and was a danger to society. Thus, the trial court denied the motion for alternative sentencing. The defendant was sentenced to serve his effective four-year sentence in the custody of the Department of Correction.

## TRIAL COURT'S DENIAL OF ALTERNATIVE SENTENCING

The defendant challenges the trial court's denial of alternative sentencing. We conclude that the trial court properly sentenced the defendant.

### A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). As a Range II multiple offender, the defendant is not presumed to be a favorable candidate for alternative sentencing.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

## B. Analysis

The trial court found that confinement was necessary "for the safety of the community." Although the trial court did not use the exact terminology of the statute, we conclude the trial court found that confinement was "necessary to protect society by restraining a defendant who has a long history of criminal conduct." Tenn. Code Ann. § 40-35-103(1)(A). Additionally, the trial court properly considered the defendant's testimony at the sentencing hearing concerning his advanced age and poor health. The court, however, placed little weight on the testimony finding that the defendant's health status would not prevent him from using his weapons to kill.

We further note that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C). The defendant's pre-sentence report reveals that the defendant has been convicted of nine misdemeanors, some of which involved alternative sentencing. The second degree murder was committed while he was on probation for felony food stamp violations. Furthermore, the defendant's second count of felonious possession of a weapon occurred while he was on bond approximately one week from his arrest for the first count. Accordingly, we conclude that rehabilitation of the defendant is extremely unlikely. *See* Tenn. Code Ann. § 40-35-103(5). We can only conclude the trial court did not err in denying alternative sentencing.

The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE