IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. ANTHONY GENTRY, II

**Direct Appeal from the Criminal Court for Carter County**
**No. S15370     Robert E. Cupp, Judge**

---

**No. E2001-02728-CCA-R3-CD**
**August 09, 2002**

---

The defendant entered a negotiated plea of guilty to two counts of sale of schedule II narcotics for agreed concurrent sentences of four years for each count, with the issue of alternative sentencing to be determined by the trial court. The trial court sentenced the defendant to four years incarceration. In this appeal, the defendant contends he should have received alternative sentencing. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Lanny R. Norris, Elizabethton, Tennessee, for the appellant, Anthony Gentry, II.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Kenneth C. Baldwin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant sold 28 morphine tablets to a confidential informant on November 2, 2000, and sold 37 morphine tablets to a confidential informant on November 15, 2000. He entered an agreed plea of guilty to both Class C felonies for concurrent four-year sentences, with the issue of alternative sentencing to be determined by the trial court. The trial court subsequently denied the defendant's request for alternative sentencing and sentenced him to four years incarceration.

The presentence report revealed the defendant had been convicted of seventeen prior misdemeanors and one prior felony. Additionally, it revealed the defendant was on misdemeanor probation when the instant offenses were committed. The defendant conceded he had previously violated probation three times but explained he had "turned over a new leaf" while in jail awaiting sentencing.

**ALTERNATIVE SENTENCING**

**A.  Standard of Review**

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.  State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999).  If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*.  State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration.  An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.  Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant.  Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

**B.  Trial Court's Findings**

The trial court concluded the defendant was not suitable for alternative sentencing based on a need to protect society from his conduct; the defendant needs to be restrained due to his lengthy criminal history; successful rehabilitation is "out of the question;" and measures less restrictive than confinement had been unsuccessfully applied.

**C.  Analysis**

Although a Range I standard offender convicted of a Class C felony is normally presumed a favorable candidate for alternative sentencing, the trial court correctly concluded the presumption was overcome because the defendant had a "criminal histor[y] evincing a clear disregard for the laws and morals of society. . . ."  Tenn. Code Ann. § 40-35-102(5).  This determination is supported by the record which establishes the 32-year-old defendant's eighteen prior convictions.  Furthermore, the defendant has failed all "past efforts at rehabilitation."  *Id.*  In addition to the defendant's lengthy criminal history, he committed the instant offenses while on probation and conceded he had prior probation violations.  These are sufficient reasons to deny alternative sentencing.  *See* Tenn. Code Ann. § 40-35-103(1)(A), (C).  The trial court's finding of the defendant's bleak potential for rehabilitation was bolstered when the defendant, immediately after reminding the trial judge that he

had been "doing Bible study," boldly called the trial judge a "stupid mother-faker" (spelling taken directly from the transcript) at the conclusion of the hearing.  The defendant's insistence that the trial court abused its discretion by denying alternative sentencing is disingenuous.

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE