# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 13, 2004

## STATE OF TENNESSEE v. BILLY WAYNE McCORMICK

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-B-1208     Steve Dozier, Judge**

_____

### No. M2003-03039-CCA-R3-CD Filed December 2, 2004
_____

The defendant appeals from convictions of aggravated assault and evading arrest. He contends that the evidence was insufficient to support the verdicts, and that the sentence of eight years for aggravated assault was excessive. After careful consideration and a thorough review of the record, the convictions and the sentences are affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Gregory D. Smith (on appeal), Clarksville, Tennessee, and F. Michie Gibson, Jr. (at trial), Nashville, Tennessee, for the appellant, Billy Wayne McCormick.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General;  Victor S. (Torry) Johnson, III, District Attorney General; and Ryan D. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts

The defendant, Billy Wayne McCormick, was indicted on one count of aggravated assault and one count of evading arrest. Following a bench trial in which the victim did not testify, the defendant was found guilty on both charges. Subsequently, the defendant was classified as a Range II offender and was issued concurrent sentences of eight years on the aggravated assault charge, and eleven months, twenty-nine days on the evading arrest charge. The defendant now appeals to this Court.

In April 2001, the defendant entered Bill Martin's CB Store and attempted to make a purchase. When he realized that he did not have enough money for the items he had selected, he became agitated and asked the cashier if she would give him the money. Upon answering that she did not have any, he began to verbally assault the cashier and a grocery sacker ("victim")

who had asked him to leave the store. The defendant refused to leave, drawing the attention of an off-duty police officer who worked as store security. The officer ordered the defendant to leave the premises.

Shortly thereafter, the officer observed the defendant holding an open knife while the defendant and the victim swung at one another in the store parking lot. The officer again ordered the defendant to leave the premises. The victim returned to the store but went back outside a short time later and re-entered the store with cuts about his head and neck area that required stitches. After the officer saw the victim's injuries, he returned to the store's parking lot, where he saw the defendant and ordered him to stop. Rather than acceding to the officer's demand, the defendant ran away from the store and was later apprehended by another law enforcement officer. A search of the defendant's person yielded a knife from the defendant's left rear pocket. The defendant was thereafter arrested and charged with the above named offenses. He now challenges the sufficiency of the evidence on both counts and the sentence imposed on the aggravated assault charge.

**Analysis**

Sufficiency of the Evidence

This Court does not reweigh or re-evaluate the evidence in determining sufficiency. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Although this was a bench trial, the findings of the trial judge carry the same weight as a jury verdict. State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999). Questions concerning the credibility of the witnesses and the weight and value to be given their testimony are matters entrusted to the trial judge as the trier of fact. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). It is our duty to affirm the conviction if the evidence, viewed under the appropriate standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

Although the evidence of the defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993). The circumstantial evidence, however, must exclude every other reasonable theory or hypothesis other than guilt. Tharpe, 726 S.W.2d at 900. In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." Id. (citations omitted).

In the present case, the defendant was charged with aggravated assault and evading arrest. In the case *sub judice*, we agree with the trial court that sufficient evidence was presented to support the convictions. In first addressing the aggravated assault conviction, the applicable statute states in pertinent part:
A person commits aggravated assault who:

> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101
> and:
> (A) Causes serious bodily injury to another; or
> (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102(a).

Initially we would note that an aggravated assault may occur when an intentional or knowing assault causes serious bodily injury _or_ when a deadly weapon is used or displayed. The indictment alleged that the defendant caused bodily injury to the victim by the use of a deadly weapon. The element of bodily injury was not required under the statute but, because it was included in the indictment, we will review the facts to determine whether bodily injury was proven.

The store cashier testified that the defendant became agitated when he learned that he did not have enough money to purchase the items he wanted from the store. Upon telling the defendant that she was unable to give him the money, he proceeded to direct racial slurs at the cashier. The defendant likewise verbally assaulted the victim when the victim insisted that the defendant leave the store. Finally, after refusing to leave the store, the defendant had to be escorted out by the off-duty police officer working as security at the store.

The off-duty officer then testified that after the defendant left the store, but before the victim was injured, he saw the victim and the defendant "swinging at each other" and saw the defendant holding an open knife. The officer testified that he ordered the defendant to put the knife away and vacate the store property, and told the victim to return to the store. Both the cashier and the off-duty officer testified that shortly after returning to the store, the victim went back outside and returned approximately one minute later with bleeding cuts on his head and neck. The officer further testified that he discovered the defendant in the parking lot of the store and ordered him to stop, but the defendant fled from the scene. A detective then testified that after learning of the assault on the police radio, he pursued the defendant by patrol car. Upon detaining and searching him, the detective discovered a knife, matching the one seen in the earlier altercation with the victim, in the defendant's left rear pocket.

> The trial court stated in its judgment:
> In this case, although there was no witness called by the State who witnessed the actual cutting of [the victim], the Court does find that there is sufficient circumstantial proof leading to a reasonable conclusion that the defendant was this person. The Court has reviewed all of the proof, circumstantial and otherwise, and has concluded that there is no other _reasonable_ theory or hypothesis except that of guilt.

We agree with the trial court that the evidence presented was sufficient to convict the defendant of aggravated assault.

Next, we address the charge of evading arrest; the applicable statute states in pertinent part:

Except as provided in subsection (b), it is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person:

    (A)    Knows the officer is attempting to arrest the person; or

    (B)    Has been arrested.

Tenn. Code Ann. § 39-16-603(a)(1).

The defendant contends that the evidence presented was insufficient to convict him of evading arrest; specifically, he argues that the State failed to prove that he knowingly intended to flee from arrest. The record shows that after discovering the victim's injuries, the off-duty officer returned to the parking lot and repeatedly ordered the defendant to "stop." Upon being given these orders, the defendant first walked, and then ran, away from the officer. The officer then called the incident in to the dispatcher. Responding to the call, the detective observed the defendant running from the scene, at which point he pulled up in front of the defendant with his car and drew his weapon. The defendant was then handcuffed, searched, and formally arrested.

The trial court found beyond a reasonable doubt that the defendant did intentionally flee, knowing that an officer was attempting to arrest him for the injuries inflicted on the victim. We agree. The record shows that the officer had already instructed him to put his knife away and ordered the defendant from the premises. After discovering that the victim had been injured, the officer emerged a second time from the store and ordered the defendant to stop. Instead of heeding the officer's order, the defendant fled from the scene and continued to flee until the detective was finally able to detain the defendant. Therefore, like the trial court, we are persuaded that there existed sufficient evidence to convict the defendant of evading arrest.

<u>Sentencing</u>

The defendant next contends that his sentence of eight years for aggravated assault is excessive and should be reduced to the minimum within the Range, six years. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. <u>State v. Pettus</u>, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. <u>State v. Poole</u>, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

    (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny

statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001).

The statute prescribes no particular weight for each factor; thus the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and the record supports its findings. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Even though the parties have not addressed the issue, the recent United States Supreme Court's holding in Blakely v. Washington, 542 U.S. ____, 124 S. Ct. 2531 (2004), plainly precludes the application of enhancement factors (9) and (12). In Blakely, the Court, applying the rule in Apprendi v. New Jersey, 566 U.S. 466, 490 (2000), struck down a provision of the Washington sentencing guidelines that permitted a trial judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. The Court observed that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 2537 (emphasis in original). Finally, the Court concluded that "every defendant has a right to insist that the prosecutor prove to a jury [beyond a reasonable doubt] all facts legally essential to the punishment." Id. at 2543 (emphasis in original).

Under the rule established in Blakely, the defendant's prior convictions may be used to enhance the sentences. The record establishes that the defendant has an extensive criminal record, including twenty-eight separate convictions. According to the presentence report, the defendant has convictions for voluntary manslaughter, destruction of property, unlawful possession of a weapon, shoplifting, possession of marijuana, petit larceny, possession of anhydrous ammonia, criminal trespass, disorderly conduct, attempted assault, and seven convictions for assault. Factors (9) and (12), neither of which are based upon prior convictions, were not admitted as fact by the defendant. The holding in Blakely would, therefore, bar the

application of those factors absent a jury verdict. Nevertheless, the defendant's criminal history is so extensive as to warrant the mid-range sentence of eight years. The judgments are affirmed.

## Conclusion

Based on the foregoing and the record as a whole, the convictions and sentences are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE